[S. F. No. 3229.    Department One.—September 4, 1902.]

## ELIZABETH ANDERSON, Respondent, v. ANDREW ANDERSON, Appellant.

DIVORCE—ALIMONY—PAYMENT OF WIFE'S BILLS—POWER OF COURT.— In an action for divorce, the wife, who has no means of her own, cannot be required to depend upon the will or caprice of the husband for the payment of her bills, but is entitled to receive from him a definite amount from which to supply her wants, with power to disburse it as she may choose; and the power of the court to decree a definite allowance of alimony against the husband having the financial ability to support his wife cannot be divested by the fact that the husband is actually paying all bills contracted by the wife and declares his willingness to pay them pending the action.

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing alimony, costs, and counsel fees in an action for divorce. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

CXXXVII. Cal.—15

H. W. Hutton, for Appellant

Lennon & Hawkins, and Charles E. Nougues, for Respondent.

HARRISON, J.—After the plaintiff had commenced this action for a divorce from the defendant the superior court made an order requiring the defendant to pay to her a certain sum of money for costs and counsel fees for the prosecution of the suit, and also an additional amount as alimony for the support of herself and infant child during the pendency of the action. From this order defendant has appealed.

Upon the hearing of the plaintiff's application for the order the financial ability of the defendant was shown, and the court found that the plaintiff is without any individual means to prosecute the action or for the maintenance of herself and child, and thereupon made the order. No objection is made to the amounts ordered to be paid, or to the correctness of the order for the payment of costs and counsel fees, but the appellant contends that, inasmuch as it appeared at the hearing that the plaintiff is occupying the family residence, and that, as the defendant stated at the hearing that he was willing to pay the bills contracted by the plaintiff for her support until the action is concluded, it did not appear to the court that the payment of any money by the husband was "necessary" to enable the plaintiff to support herself and child, and, therefore, that under section 137 of the Civil Code the court was not authorized to make the order.

This contention of the appellant is without merit. The authority of the court to direct the husband to pay a definite amount as alimony is not divested by the fact that he is paying all the bills contracted by the wife, or by his declaration that he is willing to pay them during the prosecution of the action. The wife is not required to depend upon the will or caprice of the husband for her support, or to satisfy tradesmen and others from whom she is to obtain the necessary articles for her support and comfort that the husband will pay for them; but she is entitled to receive from him a definite amount of money with which to supply her wants as she may desire, and to have the power of disbursing it as she may choose. When it is shown that she is without the means of support, and that

her husband has the financial ability therefor, the court has the authority to direct the payment by him of such an amount as in its discretion may be appropriate. (See *Cowan* v. *Cowan,* 10 Colo. 540.)

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.