[No. 14. Third Appellate District.—June 7, 1905.]

## F. W. YOUREE, Appellant, v. R. J. YOUREE, Respondent.

DIVORCE—APPLICATION FOR ALIMONY—HEARING—AFFIDAVIT NOT COMPLYING WITH RULE—DISCRETION.—Upon the hearing of an application of a wife for alimony *pendente lite*, the court had discretion to permit her counsel to present his affidavit, though not served one day before the hearing, as required by a rule of the court.

ID.—REFUSAL OF CONTINUANCE TO HUSBAND—COUNTER AFFIDAVIT—FACTS AND CIRCUMSTANCES NOT EXPLAINED.—The husband was not deprived of any substantial right by refusal of a continuance to

obtain a counter affidavit of his attorney that a transfer of certain
property to him was *bona fide,* where there is no offer to explain
other facts and circumstances calling for explanation, and the
offer made was not sufficient to require the court to deny the ali-
mony granted.

ID.—DISCRETION TO ALLOW ALIMONY—BASIS OF ORDER—AMOUNT.—The
court has discretion to require the husband to pay as alimony any
money necessary to enable the wife to support herself or her chil-
dren or to prosecute or defend the action; and in seeking informa-
tion as the basis of its order is not bound by technical rules of
evidence. The amount to be allowed is as much within the discre-
tion of the court as its power to make the allowance; and its
action will not be disturbed where no abuse of discretion is shown.

APPEAL from a judgment of the Superior Court of Men-
docino County.   J. W. Mannon, Judge.

The facts are stated in the opinion of the court.

Weldon & Held, for Appellant.

T. L. Carothers, for Respondent.

CHIPMAN, P. J.—Divorce.   Judgment in favor of defend-
ant for two hundred dollars ''for personal expenses and ali-
mony pending suit,'' and one hundred dollars ''for expenses
of trial, taking depositions, and procuring attendance of wit-
nesses,'' and two hundred dollars ''as counsel fees, and that
said sums be so paid in thirty days from said tenth day of
June, 1902.''   Plaintiff appeals from the judgment on bill of
exceptions.

Plaintiff seeks a divorce from his wife, the defendant, on
the alleged ground of desertion.   Defendant denies the alle-
gations of the complaint, and, by way of cross-complaint, her-
self seeks a divorce on the grounds of desertion, failure to
provide the common necessaries of life, and the adultery of
plaintiff.   The pleadings are verified.   The complaint was
filed March 27, 1902, and the answer and cross-complaint filed
May 23, 1902.   On May 24, 1902, defendant filed an affi-
davit and notice of motion for alimony and expenses of suit.
In her affidavit she averred that she ''has no money or prop-
erty whatever and is wholly dependent upon her labor and
the charity of her friends for support.''   In her cross-com-
plaint, to which no answer appears, she describes certain land

of which she avers that plaintiff is the owner and which is of the value of six thousand dollars; also personal property, consisting of certain enumerated articles and securities of the aggregate value of five thousand dollars. In her affidavit she states that said property, real and personal, is of the value of ten thousand dollars. On June 7, 1902, plaintiff filed an affidavit in which, among other things, he avers that he "is not possessed or the owner of any real estate, or personal property or securities or money whatever, and his sole property consists of his right to a government homestead, the title to which is as yet vested in the United States," which said homestead he avers is of no greater value than one hundred dollars, and that he has no income except the produce of this homestead, which he avers "is only sufficient to enable him to support himself and consists principally of foodstuffs and said income of said homestead claim consists of small, or any portion thereof of cash." The motion was noticed for hearing June 9th, and on that day, at the hearing, defendant's attorney was permitted, over plaintiff's objection, to file an affidavit, copy of which had not been served one day before the hearing, as required by rule II of the court. In this affidavit it was averred that at the time defendant filed her answer and cross-complaint plaintiff was the owner of the property described therein and the title remained in him until June 7, 1902, (two days before the hearing of the motior ) and on that day plaintiff conveyed the said real estate to c ∴ J. Weldon (one of plaintiff's attorneys in the action), a. on the same day also conveyed to him a note secured by mortgage owned by plaintiff, for the sum of twelve hundred and fifty dollars to said Weldon for the consideration of one thousand dollars, as expressed in the assignment of said note and mortgage. It is further averred on information and belief that said transfers "were and are not real and plaintiff is now the owner in fact of said real estate and said note and mortgage," and that said transfer was made "for the purpose, fraudulently and designedly, of hindering and obstructing the defendant in procuring alimony, counsel fees and costs of this action, and that no consideration whatever was paid to plaintiff for said conveyance and assignment," etc. Counsel for plaintiff asked leave, at the hearing, for time to prepare and file the affidavit of said Weldon in reply to the said affidavit of

defendant's attorney and to show that said transfers were *bona fide* and not in fraud of defendant's rights. The court "stated that it would permit plaintiff to file an affidavit denying said transfer by plaintiff to said T. J. Weldon . . . if said transfer had in fact not been made, and counsel for plaintiff thereupon stated that they did not wish to controvert the fact of said transfer," but desired to show "that a *bona fide* sale of the property of said plaintiff had been made to said T. J. Weldon." The court refused "to permit plaintiff or his counsel to file said affidavit," to which ruling plaintiff excepted.

1. It was within the discretion of the court to permit defendant's counsel to file his affidavit at the hearing, although in violation of a rule of the court (*Pickett* v. *Wallace*, 54 Cal. 147) ; and we do not think this discretion was abused in ruling as it did.

2. It will be observed that plaintiff did not deny having owned the property in question nor did he deny having made the alleged transfers, but proposed only to show a *bona fide* sale of certain of the property. He does not show or offer to show what he did with the consideration received, nor how it came about, in so short a time, that he was reduced in his property holdings (which were of the undisputed value of ten thousand dollars) to his unproductive homestead. There · was certain personal property mentioned in defendant's cross-complaint, other than the real estate described and .the note and mortgage transferred to Weldon. No account is given of this and no denial of its possession, except as it may be inferred that when he made his affidavit he *then* had nothing but his homestead. We think the facts and circumstances disclosed called for something more than the offer as made by plaintiff's counsel and that the court did not err in passing upon the motion without giving plaintiff the permission he asked. The offer was not sufficient to introduce any fact which, if admitted, would have required the court to deny the motion for alimony. We do not think plaintiff was deprived of any substantial right in view of the facts disclosed.

3. The court "may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." (Civ. Code, sec. 137.) It was said in *Rose* v. *Rose*, 109 Cal. 544, [42 Pac. 452] : "In taking the evidence for the

purpose of finding the amount of the allowance the court is not trying an issue in the case, but is seeking for information as the basis of its order, and is not bound by the technical rules of evidence applicable to controversies between contesting litigants.'' The amount to be allowed by the court is as much within its discretion as is the power to make the allowance, and in neither case will the appellate court set aside its action unless this discretion has been abused; and we do not think abuse of discretion has been shown in the present case. (*Rose* v. *Rose*, 109 Cal. 544, [42 Pac. 452]. See, also, *Anderson* v. *Anderson*, 137 Cal. 225, [69 Pac. 1061].)

The judgment and order are affirmed.

Buckles, J., and McLaughlin, J., concurred.