[Civ. No. 6708. First Appellate District, Division One.—May 29, 1929.]

RUTH GORDON BUSCH, Respondent, v. A. HAYS BUSCH, Appellant.

Young & Young and Dockweiler, Dockweiler & Finch for Appellant.

Flint & MacKay, Frank P. Flint, William R. Flint and Franklin W. Peck for Respondent.

DOOLING, J., *pro tem.*—In an action for divorce, plaintiff and respondent procured an order on March 11, 1927, that defendant and appellant pay her $1,000 per month temporary alimony, $1,000 suit money, $7,500 attorneys' fees and $3,600, the purpose of this $3,600 payment not being stated in the order. Notice of appeal from this order was filed March 17, 1927. Thereafter on April 21, 1927, respondent secured a further order that appellant pay her $1500 counsel fees and $200 suit money to enable her to resist the appeal from the prior order. From this second order appellant also appeals. The two appeals have been presented together.

Appellant's claim that these orders were erroneous because it appeared that respondent had sufficient means of her own to enable her to support herself and prosecute the action may be briefly disposed of. Respondent's property consisted of the home in which she was living with its furnishings, an automobile, personal jewelry and a few shares of stock. The income from the stock was shown to be about eight dollars per year and none of the other property was income producing. "Where the wife is the owner of non-income-producing property, the law does not require her to have recourse to her own resources first, or to impair the capital of her separate estate." (*Farrar* v. *Farrar,* 45 Cal. App. 584, 586 [188 Pac. 289, 290].)

It is argued that the allowance of $1,000 per month was excessive, first, because it was not necessary to sustain the wife and child in the manner in which they had been accustomed to live and, secondly, because it was in excess of appellant's reasonable ability to pay. It was shown that while the parties were living together appellant allowed respondent an aggregate of $850 per month for household expenses, clothes and the support of the minor child. In

addition appellant paid many expenses of the household himself. We are satisfied that the evidence justified the trial court in its informal finding that these additional expenditures averaged from $450 to $600 per month. This showing was ample to support the implied finding that $1,000 per month would be necessary to support wife and child in their accustomed manner. While appellant testified that their living on this scale had been against his repeated protests there was no showing that during the several years they lived together their scale of living had been at any time reduced. On the second ground it was admitted by appellant that his separate property had a minimum value of $278,000 and respondent's counsel offered to prove that its value was at least $700,000. This offer was objected to by counsel for appellant on the ground that it was in the interest of time to exclude such proof and the proof was not permitted to be made. Appellant produced evidence to show that his income for the particular year would be materially reduced from the income that he had received in the previous year and that by reason thereof $400 per month would be the maximum amount that he could pay for the support of his wife and child. The court, however, was entitled to take into consideration the previous year's income and was not bound by appellant's estimate, necessarily speculative and possibly colored, of his future income; and appellant admitted receiving a salary of $1,000 per month in addition to his income from investments. It is also to be noted that the order was made on March 11th and the divorce suit was set for trial and tried on March 16th, five days later. Under these circumstances and upon the showing made the court was justified in allowing the wife temporary alimony to enable her to maintain her accustomed standard of living for the very short period which would intervene before the matter could be fully examined into and determined at the trial.

 While the allowance of $7,500 for counsel fees is perhaps more than we would have allowed under the same circumstances, in view of the very wide discretion vested in the trial court, we are not prepared to disturb it. The complaint charged many acts of cruelty and a number of acts of adultery. The answer not only put in issue the voluminous complaint, but set up an affirmative defense of

conspiracy between respondent and her father to entrap appellant into actual or apparent adulteries. The amount to be allowed respondent as permanent alimony was seriously disputed, as were the value of appellant's property and his earnings and ability to pay. "The amount to be allowed by the court is as much within its discretion as is the power to make the allowance, and in neither case will the appellate court set aside its action unless this discretion has been abused; and we do not think abuse of discretion has been shown in the present case." (*Youree* v. *Youree*, 1 Cal. App. 152, 156 [81 Pac. 1023, 1025].) The evidence was uncontradicted that respondent had neither paid nor agreed to pay her attorneys nor received credit from them for their services to be rendered in the trial of the action.

██ Appellant complains of a hypothetical question asked two expert witnesses as to the value of the services thereafter to be performed by respondent's attorneys on the ground that the question assumed facts not in evidence. In the main the facts assumed were correct and the error, if any, was in our opinion not prejudicial. "In taking the evidence for the purpose of finding the amount of the allowance the court is not trying an issue in the case, but is seeking for information as the basis of its order, and is not bound by the technical rules of evidence applicable to controversies between contesting litigants." (*Youree* v. *Youree, supra; Rose* v. *Rose,* 109 Cal. 544 [42 Pac. 452].) "And no testimony was necessary to determine what the amount of the fee should be. The court could determine from its own experience, and from the facts and circumstances of the case, as they appeared to it from the pleadings and other papers and proceedings, what was a reasonable fee." (*Peyre* v. *Peyre,* 79 Cal. 336, 339, 340 [21 Pac. 838, 839].)

██ The allowance of $3,600 was recited in the order prepared by respondent's counsel to be "back alimony from and including the month of July, 1926, to and including the month of February, 1927." The words in quotation marks were stricken out before the order was signed, so that we are left to speculation to determine on what theory this sum was allowed. It is elementary that the purpose of an allowance to a wife *pendente lite* is to enable her to properly live and prosecute or defend the action from the time the order is made. As additional future alimony this lump sum

allowance would be unreasonable and unjustified in view of the allowance of $1,000 per month for that purpose. █ It is sought to be justified as an allowance to permit the wife to repay advances made to her by her father. It is true that in *Reed* v. *Reed*, 40 Cal. App. 102, 106, 107, [180 Pac. 45], the court said: "If the application for alimony is not made until some months after the commencement of the action, and if, in the meantime, the wife has managed to exist only by borrowing money . . . it is manifest that, to place her in such a situation that in the future she may be enabled to live upon the allowance provided to be paid for her future support . . . provision ought likewise to be made for her past expenses . . . otherwise she would be compelled to pay out of the allowance for her future support the money she had previously borrowed." We do not think that the evidence in this case brings it within the rule just quoted. Respondent testified that her father had advanced her $800 per month for her support from the date of her separation, that she had no agreement with him to repay this sum, but intended to do so. The father likewise testified that there was no agreement to repay him, but that he "considered" these amounts as a loan and so marked them on his check stub. During the same period it appears that the father gave respondent $800 to take one trip and $2,000 to take another. These latter amounts were admitted to be gifts and not loans. Specifically as to the $800 per month advance by him to respondent for living expenses the father testified: "Q. Then, if your daughter doesn't get any allowance or any more property from Mr. Busch, you intend she shall reimburse you for the money you advanced her? A. I haven't made any arrangement whatsoever for the repayment of it, simply marked it on the stub." And respondent testified: "Q. Well, does that intention (to repay the father) vest by virtue of an understanding, or is that a voluntary idea of your own? A. A voluntary idea of my own." It is plain that this so-called loan did not constitute such a debt, if it was in fact a debt at all in legal contemplation, as was required to be paid in order to enable the wife to properly live *pendente lite* or prosecute her action. We have no doubt that the rule announced in *Tremper* v. *Tremper*, 39 Cal. App. 62, 67 [177 Pac. 868, 870], is applicable here: "An award of temporary alimony should be made

to cover the current needs of the wife and should not be allowed to take the place of a final decree disposing of the property rights.''

''The fact that the wife has incurred debts is not sufficient to authorize an award for necessary expenses (*Loveren* v. *Loveren,* 100 Cal. 493 [35 Pac. 87]) but the further fact must appear that the payment of such debts is necessary to enable the wife to further prosecute her action or defense.''

The order does not show that the allowance of $3,600 was made for that or any purpose, but even if we are entitled to assume that it was made to enable respondent to repay her father in part for his advances we do not think that it was ''money *necessary* to enable the wife to support herself and her children'' within the meaning of section 137 of the Civil Code.

As to the $1,000 allowed for suit money there was no showing whatever to support its allowance. The trial was only five days off when the order was made. Respondent points to no evidence of any particular contemplated expenses. In the absence of a showing of its necessity this allowance was an abuse of discretion.

The order allowing $1,500 counsel fees and $200 for costs to resist the first appeal cannot be held unreasonable. Appellant filed an opening brief of 72 pages and an appendix of 128. Respondent's brief was 63 pages long and the appendix thereto 131. *Ex post facto,* therefore, it appears that the trial court did not overestimate the value of the labor and the cost involved in opposing the appeal.

The order of March 11, 1927, is modified by striking therefrom the allowance of $3,600 and of $1,000 suit money. The order of April 21, 1927, is affirmed. Each party to pay his own costs of appeal.

Tyler, P. J., and Knight, J., concurred.