[Civ. No. 15027.  Second Dist., Div. Two.  Mar. 8, 1946.]

E. REBECCA WAGNER BUEHLER, Respondent, v.
HAROLD M. BUEHLER, Appellant.

Frederick L. Botsford and Samuel M. Garroway for Appellant.

Loucks, Phister, Baker & Stephenson for Respondent.

McCOMB, J.—From an interlocutory judgment of divorce in favor of plaintiff granted on the grounds of extreme cruelty, defendant appeals.

It is conceded by defendant (appellant) that the evidence supporting the charges of cruelty was sufficient to warrant the granting of a divorce to plaintiff. Defendant urges however that there is no evidence to sustain the trial court's findings:

## 1

*"That the property described in Paragraph IV of the First Amended Complaint is the community property of the parties hereto."*

The foregoing finding is supported in accordance with the following rules of law and the evidence hereinafter set forth.

■ (1) Where separate property is intermixed and commingled with community property to such an extent that the separate property cannot be properly segregated from the community property, the commingled property is regarded as community property. (*Truelsen* v. *Nelson*, 42 Cal. App.2d 750, 754 [109 P.2d 996]; *Estate of Woods*, 23 Cal. App.2d 187, 191 [72 P.2d 258]; *Cline* v. *Cline*, 4 Cal.App.2d 626, 629 [41 P.2d 588].)

■ (2) When separate and community property have been commingled the burden is on the party claiming part of the property as separate property to establish clearly its character as such. (*Truelsen* v. *Nelson, supra,* at p. 754; *Dimmick* v. *Dimmick*, 95 Cal. 323, 328 [30 P. 547]; *In re Freitas,* 16 F.Supp. (So. Dist. Cal.), 557, 562.)

In the present case the testimony discloses that the property described in paragraph IV of the first amended complaint consisting of household furniture and furnishings and a house and lot located at 610 West 38th Street, San Pedro, California, had been purchased with funds which defendant had borrowed from the Presbyterian Ministers' Fund on the credit of an insurance policy held by him with such fund and from general funds which he had earned subsequent to his marriage to plaintiff on January 31, 1925. The money which he had borrowed from the ministers' fund had been repaid by defendant's cashing in two paid up policies of life insurance which he held with the Northwestern Mutual Mortgage Company.

The record fails to disclose whether the insurance policies which defendant cashed in order to pay his loans from the ministers' fund were life insurance policies held by him prior to his marriage or policies acquired subsequent to it. Under rules (1) and (2) *supra,* defendant has thus failed to sustain the burden of proving that the money which he borrowed and commingled with his general funds (which it is conceded were community property), was his separate property. Therefore under the rules stated the trial court was justified in drawing the inference that the property described in para-

graph IV of the amended complaint was purchased with community funds and was therefore community property.

The fact that the title to the real property was taken in joint tenancy by plaintiff and defendant is not determinative of the question here presented in view of the fact that the rule that the use of community funds to purchase property and the taking of title thereto in the name of the spouses as joint tenants is tantamount to a binding agreement between them that the same shall not thereafter be held as community property (*Siberell* v. *Siberell,* 214 Cal. 767, 773 [7 P.2d 1003]), is subject to the qualification that if the evidence shows that the parties intended the property to be community property it will be treated as such in spite of the fact the title was taken as joint tenants. (*Tomaier* v. *Tomaier,* 23 Cal.2d 754, 755 et seq. [146 P.2d 905].)

In the present case plaintiff testified that defendant had referred to the property in question as "community property" or "our property" and that on one occasion defendant had asked plaintiff to sign a deed changing the property from a community interest between them to an interest whereby plaintiff, defendant and their son would each have a one-third interest in the property. From this evidence the trial court was justified in inferring that the property was community property even though they had taken the title in joint tenancy.

2

*"That plaintiff is without funds or property to maintain or support herself and said minor child either permanently or during the pendency of this action."*

The foregoing finding is supported by the uncontradicted evidence. The testimony discloses that defendant and plaintiff had two minor children, the younger one being entirely unable to support herself; that plaintiff was a registered nurse and physically able to work; that she owned 107 shares of Crown Knitting Mills stock from which she had not received any dividends in the past five or six years; that she also owned Standard Oil Company stock of the value of $800, bank stock of the value of $400, and had an interest in her father's estate valued at $7,000; further that she had received $1,543 from insurance upon the life of her father and $300 because of her father's death. Fifteen hundred dollars of the insurance on her father's life she loaned to defendant.

The law is settled in California that when a wife is the owner of nonincome producing property she is not re-

quired to have recourse to such property for her support before seeking support from her husband. (*Farrar* v. *Farrar*, 45 Cal.App. 584, 586 [188 P. 289]; *Busch* v. *Busch*, 99 Cal. App. 198, 200 [278 P. 456].)

It is likewise established that where, as in the instant case, a divorce decree is granted on the ground of extreme cruelty the trial court may award any or all of the community property to the innocent party. (Civ. Code, § 146, subd. 1.)

In view of the fact that the trial court found, supported by substantial evidence, that plaintiff was entitled to a divorce from defendant on the grounds of cruelty, that the property of the parties was community property and that plaintiff and her minor child were without means of support, the award of the community property to plaintiff was proper.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1946.