[Civ. No. 13053. First Dist., Div. One. July 23, 1946.]

MILLIE LUMINOSO, Respondent, v. ANGELO LUMINOSO, Appellant.

Mark M. Coleman for Appellant.

Young, Hudson & Rabinowitz for Respondent.

WARD, J.—Plaintiff wife brought this action for divorce on the ground of extreme cruelty and prayed for an award of the community property. Defendant answered and filed a cross-complaint in which it is admitted that certain property is community property, but it is alleged that other property is held in joint tenancy. In an answer to the cross-complaint the standing of the title to the property in joint tenancy, in form, is admitted, but it is alleged that the property was in fact community property irrespective of the vesting of title thereto.

The trial court granted the suit of plaintiff for a divorce and made a division of all the property, which it found to be community property no matter how held. The defendant appeals from this division of the property urging error with respect to three pieces—one parcel of real estate located in Barstow and one in San Francisco, each income property, awarded to plaintiff, and a certain promissory note secured by a deed of trust, awarded to defendant.

It is true that the promissory note, etc., and the grant deeds, run to the parties as joint tenants. However, property deeded to husband and wife as joint tenants under certain

circumstances, upon the introduction of extrinsic evidence of an intent to the contrary, may be declared to be the separate property of one (*Huber* v. *Huber,* 27 Cal.2d 784 [167 P.2d 708]), or community property (*Tomaier* v. *Tomaier,* 23 Cal. 2d 754 [146 P.2d 905]). Defendant contends, however, that there is no evidence in the record of an intent to hold the property in fact as community property although in form joint tenancy.

As to the realty parcels, the evidence shows: "[Attorney for Plaintiff] : Q. Did he discuss with you at that time anything about this property being held in joint tenancy? A. No, he did not say anything. Q. It was never mentioned? A. He did not say anything. Q. In connection with the reason, I mean buying—in connection with the buying of the Barstow garage property? A. No. Q. It was never discussed it was to be held in joint tenancy between you and your husband? A. He said——between him and I, he never said 'joint tenancy.' I never remember it. . . . Q. Do you know how the deed was made out, as far as the original document was concerned? A. No, I do not know. Q. At the conversation we are talking about now, between you and your husband, in relation to the buying of the Barstow garage property, did you and your husband, or did your husband discuss with you any change in the manner of holding that property or owning that property? [Attorney for Defendant] : Your Honor please, I object to the question as already being answered, and also leading and suggestive. THE COURT: I will overrule the objection. I must take judicial cognizance of the intelligence, knowledge and experience of this particular lady, who previously stated all her schooling consisted of to and including the second grade. I have to allow more leeway and latitude than normally. It is a prerogative of the judge in a case. [Attorney for Plaintiff] : Will you read the question? (Question read by the reporter.) A. What was that? THE COURT: If you do not understand it, say you do not know, madam. A. Well, I —— we always talked of it as community property, your Honor." The evidence also shows: "[Attorney for Plaintiff] : Q. In October, 1943, or thereabouts, Mrs. Luminoso, and coming down now, so you will be clear on this, to the Frederick Street property in San Francisco, did your husband come to San Francisco to inspect that property before it was bought? A. Yes, he did. Q. Did he want the property because it was here in San Francisco? A. Yes. Q. He approved of the

buying of it? Did he give any instruction, if you know, with reference to the issuance of the deed concerning that property? A. He said to me —— Q. Did he, if you know? A. —— to make it something like the other. Q. You and your husband were buying this property with the community funds you had and he had saved and collected? A. That is right."

In *Buehler* v. *Buehler*, 73 Cal.App.2d 472 [166 P.2d 608], the following appears on page 475: "In the present case plaintiff testified that defendant had referred to the property in question as 'community property' or 'our property' and that on one occasion defendant had asked plaintiff to sign a deed changing the property from a community interest between them to an interest whereby plaintiff, defendant and their son would each have a one-third interest in the property. From this evidence the trial court was justified in inferring that the property was community property even though they had taken the title in joint tenancy."

If the trial court upon the foregoing evidence determined that the Barstow and the San Francisco parcels constituted community interest, this court is not in a position to interfere. There is some evidence upholding the finding relative to the realty, which this court cannot declare to be unsubstantial.

■ In view of the conclusion relative to the realty, appellant would not be assisted by a reversal of the finding on the promissory note. There is no direct testimony as to how the promissory note was intended to be held. It does appear that the land, for which the promissory note was given as part of the purchase price, was community property. An order declaring the property to be in joint tenancy would result in plaintiff obtaining half of that property which was awarded to defendant by the decree. The trial court seems to have equitably measured and distributed the interest that should go to each party. In *Huber* v. *Huber, supra,* at page 789, the court said "defendant advised plaintiff of his intention as to the first parcel of real property and it may be inferred that the placing of the other two parcels in joint tenancy was done under like circumstances."

Consequently, on the authority of the Huber and the Tomaier cases the disposition of the three items in dispute should be approved. The interlocutory judgment insofar as the property rights are concerned is affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.