[Civ. No. 3933. Fourth Dist. Sept. 22, 1948.]

MARGARET L. WHELAN, Respondent, v. THOMAS WHELAN, Appellant.

Sweet, Ault & Warner for Appellant.

Luce, Forward, Kunzel & Scripps for Respondent.

MUSSELL, J.—In this action for divorce the defendant appeals from an order of the superior court directing him to pay plaintiff the sum of $30 per week as and for alimony pendente lite for the support of herself, and the further sum of $250 for counsel fees, and for $20 costs. It was further ordered that defendant pay to plaintiff all reasonable fees, expenses and charges in relation to the birth of the unborn child of plaintiff and defendant. An order to show cause was issued on the verified complaint and the hearing had on affidavits of the parties.

In the amended complaint plaintiff alleges that she is without money or funds with which to support herself or prosecute this action; that defendant is an able-bodied man, an attorney at law, with a lucrative practice, and derives an income therefrom, the exact amount of which is unknown to plaintiff; that plaintiff is informed and believes, and on that ground alleges that defendant earns and is capable of earning approximately $2,000 per month, and is able to pay a reasonable monthly sum for the support and maintenance of plaintiff and her attorney fees.

Defendant filed an answer to the amended complaint, together with a cross-complaint for divorce. He denied that plaintiff was without money or funds with which to support herself or prosecute the action. In his affidavit, filed in opposition to the order to show cause, defendant stated that plaintiff had ample funds of her own from which to support and maintain herself and pay her counsel fees and costs; that during the marriage of the parties he gave plaintiff a weekly allowance of $100 for her own use; that in addition to this allowance he paid all of the household and living expenses; that during the marriage defendant gave plaintiff in excess of $5,500 in cash, and gave her a check for $900 on the day the complaint was filed. He further stated that he gave plaintiff 200 shares of stock in the San Diego Gas & Electric Company of the approximate value of $3,000; that plaintiff had four separate bank accounts in her own name in which there was deposited a considerable amount of cash.

Plaintiff in her counteraffidavit stated that the total amount of the payments to her during the marriage was the sum of $3,000, out of which she paid the household expenses; that she received and cashed the check for $900 and has used the money for living expenses since the separation of the parties. Plaintiff admitted that she had property in her possession as

follows: 200 shares of stock in the San Diego Gas & Electric Company of the approximate value of $2,800; one account of $200 in the Bank of America, La Mesa Branch, containing the remainder of the $3,000 expense money; another in the Bank of America of $1,640, which she alleged was community funds of the parties; the further sum of $1,400 in two other banks, which money she alleged was her separate property and owned by her before her marriage; also six shares of the common stock of Dresser Industries of the approximate value of $130. The total property, both community and separate, admitted to be in her possession amounted to approximately $6,170.

It is the sole contention of defendant that under the facts the court abused its discretion in ordering him to pay alimony pendente lite, medical expenses, costs and counsel fees.

Section 137 of the Civil Code provides in part as follows: ''When an action for divorce is pending, the court may, in its discretion, require the husband . . . to pay as alimony any money necessary to enable the wife . . . to support herself and her children, or to prosecute or defend the action.''

In *Baldwin* v. *Baldwin*, 28 Cal.2d 406, at page 413 [170 P.2d 670], the court said: ''The rule has also been declared that 'The granting and refusing of alimony in actions for divorce is a matter which lies largely in the discretion of the trial court. . . . Before the appellate courts will interfere, it must be made clearly and affirmatively to appear upon the face of the entire record in the case that the discretion has been abused.' (1 Cal.Jur. 1012, § 64.)''

The purposes of allowances to a wife for alimony pendente lite, counsel fees and court costs are to enable her to live in her accustomed manner pending the disposition of the action and to provide her with necessary funds for attorney's fees and costs to properly present her case. (*Loeb* v. *Loeb*, 84 Cal.App.2d 141, 144 [190 P.2d 246].) She is not required to first impair the capital of her separate estate. If she possesses independent means sufficient for these purposes the allowances should not be granted and there must be sufficient showing of her need for them. (*Loeb* v. *Loeb, supra.*)

The plaintiff must show her needs and the ability of defendant to pay. The circumstances of the parties, including the property which each possesses, their respective incomes and earning abilities, as well as their needs, are to be considered in determining the amount and the necessity of tem-

porary alimony. (*Sweeley* v. *Sweeley,* 28 Cal.2d 389, 391 [170 P.2d 469].)

Plaintiff alleges in her complaint that she "is without money or funds with which to support herself or to prosecute this action;" that of the weekly allowance of $100 which she received during the marriage she saved $200; that in addition thereto she has separate funds amounting to $1,400, and community funds amounting to $1,640. Defendant in his answer alleges that during the time the parties lived together, approximately 10 months, he gave her in excess of $6,400 in cash, in addition to $100 per week for her personal spending money. It is apparent that to enable plaintiff to live in her accustomed manner, a sum considerably in excess of the amount allowed by the trial court would be necessary, especially in view of plaintiff's pregnancy. While it is true that there must be a showing of necessity (*Patton* v. *Patton,* 32 Cal.2d 520, 523 [196 P.2d 909]) the allowance of $30 per week to plaintiff, considering present living costs, would not be sufficient to provide her with more than the bare necessities.

Defendant does not deny the allegation that he earns and is capable of earning approximately $2,000 per month from the practice of his profession. Nor does he allege that he is unable to comply with the order of the court. He argues that plaintiff is required to use the funds in her possession before she is entitled to an order for support pendente lite.

Under the facts presented, we conclude that plaintiff is not required to exhaust the funds presently held by her before seeking support from her husband.

In *Buehler* v. *Buehler,* 73 Cal.App.2d 472, at page 475 [166 P.2d 608], the court said: "The law is settled in California that when a wife is the owner of nonincome producing property she is not required to have recourse to such property before seeking support from her husband. (*Farrar* v. *Farrar,* 45 Cal.App.584, 586 [188 P. 289]; *Busch* v. *Busch,* 99 Cal. App. 198, 200 [278 P. 456].)"

The award made was not disproportionate to the needs and assets of the respective parties and therefore not an abuse of discretion.

The order is affirmed.

Griffin, Acting P. J., concurred.