[Civ. No. 14532. First Dist., Div. Two. Nov. 9, 1950.]

INGEBORG HELEN NELSON, Respondent, v. STANLEY GEORGE NELSON, Appellant.

I. M. Peckham and Norman Gatzert for Appellant.

Hilary H. Crawford for Respondent.

DOOLING, J.—Appeal by defendant husband from an interlocutory decree of divorce in which it was ordered that upon the entry of a final decree of divorce the family home be awarded to plaintiff wife.

Plaintiff sued her husband for divorce on the ground of extreme cruelty. · Defendant answered and cross-complained for divorce. An interlocutory decree of divorce was awarded plaintiff. She was also awarded custody of the adopted child of the couple and $100 per month support for herself and the child. The property found to be community property was awarded as follows: the house and lot and a bedroom set to plaintiff, and a life insurance policy on the life of defendant and an automobile to defendant.

The family home awarded to plaintiff represented the bulk of the community property. It is the award of this house to plaintiff that defendant objects to in this appeal.

Defendant assails the judgment below on two grounds: (1) that the finding that the house and lot of the parties was community property was against the evidence, and (2) that assuming it was community property, the judgment assigning it all to the wife was unjust and unreasonable. We shall consider these objections in order.

The deed to the house and lot in question was made out to the parties in joint tenancy. The trial court found as a fact that this house and lot was community property. Defendant's objection to this finding is, in brief, that the evidence was not sufficient "to upset the joint tenancy deed."

350

It is well established that real property acquired by husband and wife by a joint tenancy deed may be shown to be actually community property. (*Tomaier* v. *Tomaier,* 23 Cal. 2d 754, 757 [146 P.2d 905]; *Hulse* v. *Lawson,* 212 Cal. 614, 620 [299 P. 525]; *Jansen* v. *Jansen,* 127 Cal.App. 294, 297 [15 P.2d 777]; *Buehler* v. *Buehler,* 73 Cal.App.2d 472, 475 [166 P.2d 608]; *Luminoso* v. *Luminoso,* 75 Cal.App.2d 472, 474 [171 P.2d 516]; *Perdicalis* v. *Perdicalis,* 92 Cal.App.2d 274, 276 [206 P.2d 650].)

█ In the instant case the evidence disclosed that the appellant handled all of the details of the purchase, stated to respondent that the house and lot should be community property, and the *entire purchase price* was paid by *community funds* (which point is conceded by appellant). Upon this state of the evidence there is no question in our minds that there was sufficient evidence to justify the finding of the trial court that the house and lot was community property.

The defendant next contends that even if the house and lot were community property the judgment assigning it to the wife was unjust and unreasonable.

█ The divorce was granted to respondent on the basis of the extreme cruelty of appellant. Appellant concedes that respondent was entitled to the divorce on the grounds sought. It is settled law both by statute and under the cases that when a divorce is granted on the basis of extreme cruelty the court may give a larger share of the community property to the aggrieved party. (Cal. Civ. Code, § 146; *Barham* v. *Barham,* 33 Cal.2d 416, 431 [202 P.2d 289].) Indeed, the trial court may, within its discretion, award all of the community property to the innocent spouse. (*Barham* v. *Barham, supra*; *Marshall* v. *Marshall,* 196 Cal. 761, 765 [239 P. 36]; *Crouch* v. *Crouch,* 63 Cal.App.2d 747, 756 [147 P.2d 678]; *Buehler* v. *Buehler, supra,* 73 Cal.App.2d 472, 476; *Arnold* v. *Arnold,* 76 Cal.App.2d 877, 883-884 [174 P.2d 674].)

Appellant's objections on this score amount to an expression of disapproval of the rule. Whatever the accuracy of appellant's historical conjecture concerning the "true rule" in such cases, his argument cannot aid him here, nor is this the appropriate forum in which to propound changes in the rule. It was within the power of the trial court to divide the community property as it did.

Appellant next directs our attention to California Civil Code section 148, which provides that: "The disposition of the community property . . . is subject to revision on appeal

in all particulars, including those which are stated to be in the discretion of the court.'' Appellant especially urges this court not to ''abdicate'' its ''reviewing discretion.''

We grant appellant's contention that in a proper case, under California Civil Code, section 148, this court has the power to revise the trial court's disposition of community property upon the granting of a divorce, even in cases where the trial court's action does not amount to an abuse of discretion. (*Falk* v. *Falk*, 48 Cal.App.2d 762, 771 [120 P.2d 714]; *La Vigne* v. *La Vigne*, 96 Cal.App.2d 531, 539 [216 P.2d 75]; *Gonsalves* v. *Gonsalves*, 92 Cal.App.2d 334, 341 [206 P.2d 1127].) We do not deem this a proper case for such revision.

Without detailing the record, it is sufficient to say that in the case before the court there was ample evidence of appellant's cruelty to respondent, and of appellant's unwholesome conduct with regard to the adopted child of the parties. The trial court felt that the best interests of the child dictated that respondent receive custody of the child. Aside from the award of $100 per month support money, it does not appear that respondent has any other means of support for herself and the child. Upon this state of the facts we find nothing in the record which should move this court to disturb the award of house and lot to the respondent.

At the outset of the trial respondent's attorney moved for additional attorney's fees in the sum of $100. The trial court indicated that it would defer a ruling on this motion until the conclusion of the case, without objection by appellant. At the conclusion of the case the court found as a fact that the sum of $100 was a reasonable amount and awarded this sum to respondent for additional attorney's fees. Appellant characterizes this award as ''indefensible'' on the ground that the fee was for services ''already rendered.''

In this connection appellant cites *Burdick* v. *Burdick*, 95 Cal.App. 304, 306 [272 P. 752]. This was a case where it did not appear that respondent had at any time made a motion for attorney's fees. Here, the motion for the allowance of additional attorney's fees was properly made before the commencement of the trial. Under these facts the trial court had, and properly exercised, jurisdiction to rule on the motion at the conclusion of the trial. (*Baker* v. *Baker*, 64 Cal.App. 778, 780-781 [222 P. 863].) Although in the Baker case a stipulation was made that the motion be heard at the time of the trial, the following language is equally applicable here. ''The

motion for the allowance was made in due time to have been heard before the trial of the case on its merits. The fact that the hearing and decision upon the motion did not take place prior to the trial does not remove it from the court's jurisdiction as provided in section 137 of the Civil Code.''

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied December 9, 1950, and appellant's petition for a hearing by the Supreme Court was denied January 5, 1951.