[Civ. No. 19803. Second Dist., Div. One. June 2, 1954.]

LAUREL L. FORREST, Appellant, v. DONALD C. FORREST, Respondent.

S. Dell Scott for Appellant.

Armond M. Jewell for Respondent.

MOSK, J. pro tem.*—Plaintiff appeals from refusal of the court below to award alimony pendente lite after hearing on her order to show cause. The court concluded the proceeding by ordering "The matter of support of plaintiff is continued to time of trial." An order was made for attorney's fees and court costs, from which no appeal was taken.

The estranged husband and wife herein had been married for 18 years prior to their separation on September 1, 1947. Suit for divorce was filed by the appellant on October 31, 1952.

In the five-year interim appellant cared for an aged, invalided mother, for which service a brother paid her board and room. In addition, she received an income of $65 gross, $50 net, per month from real property which had been given to her

---

*Assigned by Chairman of Judicial Council.

by respondent. She did not seek any support from respondent during that period, except for a request for some funds on a few isolated instances. On one occasion she made a $700 loan to him.

The respondent admittedly is an alcoholic, presently unemployed. His only income is $33 per month interest on a loan. He testified he had $7.00 cash on hand. For some years prior to the separation he had been an insurance agent. Upon the death of his father, he sold the agency, but acquired through inheritance substantial stock in the company. This was sold early in 1952 for $100,000, payable $30,000 down, the balance at the rate of $10,000 per year for seven years. A parcel of residential property producing no income is held in the names of both parties as joint tenants.

None of the $30,000 remains, $10,000 of it having been given to a friend as a loan for the construction of a home on which ultimately a 4 per cent interest-bearing trust deed is to be given respondent. Fees to respondent's attorney in the sums of $500 for this proceeding and $1,000 for representation on a tax problem were also paid.

In addition to insisting on his inability to respond to an alimony award and appellant's lack of need, respondent urged bad faith of appellant as a bar to an order. The court held the evidence insufficient to make any finding on that subject.

Appellant contends in this appeal that she established all of the elements necessary to an alimony pendente lite award, that the court abused its discretion in denying the relief sought, and that the court erroneously required recurring demands by a wife on a husband as a condition precedent to a support order.

█ Plaintiff must show her needs and the ability of the defendant to pay. █ The circumstances of the parties, including the property which each possesses, their respective incomes and earning abilities, as well as their needs, are to be considered in determining the amount and the necessity of temporary alimony. (*Whelan* v. *Whelan*, 87 Cal.App.2d 690 [197 P.2d 361].)

The case of *Hall* v. *Hall*, 42 Cal.2d 435, 442 [267 P.2d 249], succinctly states the applicable law as follows: "The principles which the trial judge must apply in awarding alimony are few and necessarily general in nature. An allowance for support must be made 'having regard for the cir-

cumstances of the respective parties.' (Civ. Code, § 139.) In making that award the trial court has a wide discretion. (*Baldwin* v. *Baldwin,* 28 Cal.2d 406, 413 [170 P.2d 670].) 'Circumstances' includes 'practically everything which has a legitimate bearing upon the present and prospective matters relating to the lives of both parties.' (*Lamborn* v. *Lamborn,* 80 Cal.App. 494, 499 [251 P. 943].) '[I]t refers to the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings.' (*Becker* v. *Becker,* 64 Cal.App.2d 239, 242 [148 P.2d 381].)''

■ The granting and refusing alimony in actions for divorce is a matter which lies largely in the discretion of the trial court. Before the appellate courts will interfere, it must be made clearly and affirmatively to appear upon the face of the entire record in the case that this discretion has been abused. (*Baldwin* v. *Baldwin, supra; Lincoln* v. *Superior Court,* 22 Cal.2d 304, 313 [139 P.2d 13].)

■ Discretion may be said to be abused, in a legal sense, when in its exercise a court exceeds the bounds of reason, all of the facts and circumstances before it being considered. (*Kalmus* v. *Kalmus,* 103 Cal.App.2d 405 [230 P.2d 57].)

In rendering its decision on the order to show cause, the trial court made reference to the evidence indicating appellant had not sought support from respondent for the several preceding years. Appellant maintains the court thus in effect held that demands by an estranged wife are requisite for an award pendente lite. She earnestly argues that the rule may become: "to the more demanding wife belongs the alimony *pendente lite.*" If that were implicit in the court's determination, appellant's contention would indeed merit favorable review.

■ In general there is no legal requirement that a wife, living either together with or separate from her husband, must make formal demand upon him for support. This rule may be qualified in unusual circumstances, but ordinarily issues of that type will not be ascertained on pendente lite proceedings. (*Kowalsky* v. *Kowalsky,* 145 Cal. 394 [78 P. 877].)

■ As stated in *Whelan* (p. 692) the purpose of allowances to a wife for alimony pendente lite is to enable her to live substantially "in her accustomed manner" pending the

disposition of the action. The same language is used in *Falk* v. *Falk*, 48 Cal.App.2d 780, 788 [120 P.2d 724].

■ In his inquiry into appellant's activities since her separation from defendant in 1947, and in commenting on her ability to live those several years without contribution from respondent, the trial court merely was determining her accustomed manner of living. That appellant was gainfully occupied and able to exist after separation without calling upon her spouse for assistance may be considered by the court in ascertaining her needs.

The weighing of those facts, along with all of the others in evidence, carries no implication of the necessity for persistent demands by a wife. Nor is there any suggestion to reward the demanding, acquisitive wife, or conversely to penalize the industrious, resourceful and self-reliant wife. Such an inequitable doctrine can be read into the court's discussion only by the most tenuous interpretation.

■ It was not improper to consider that a wife, having made her own way for five years before the divorce action was filed, can continue to do so "in her accustomed manner" for the remaining months before the trial and disposition of the case on its merits. Whether she has the present ability to do so is a question for the trier of fact.

On the question of appellant's needs, the record indicates she had been receiving her board and room and a cash income of $50 per month. This certainly does not provide a luxurious livelihood, but it apparently sufficed for the preceding years. While appellant testified a change in the mode of caring for her mother was required and desirable in the future, the court was not convinced this was imminently essential. (See *Busch* v. *Busch*, 99 Cal.App. 198 [278 P. 456].)

The respondent's ability to pay alimony pendente lite is nebulous. He is unemployed and because of alcoholism has had no gainful employment in many years. Fortunately he possesses insight into this problem and has voluntarily been institutionalized on several occasions. At the time of this hearing, he was seeking physical rehabilitation at a sanatarium through psychotherapy and the use of antabuse.

The only immediate expectancy of respondent consists of the payments of $10,000 per year for seven years on the unsecured contract of sale of stock. This is admittedly separate property. The instant order to show cause hearing was held on November 24, 1952. The court pointed out that the next installment payment was due the following April,

which in the normal course of events would be near the date of trial. Respondent testified he anticipated living on his credit until that time.

It is clear that a court may require the husband's separate estate to contribute all or part of an award of alimony pendente lite. (Civ. Code, § 141.)

But it is not necessarily an abuse of discretion to decline to do so, and in this instance, under all the circumstances, we perceive no abuse of discretion. The evidence supports the trial court's finding that the appellant will be able to live in her accustomed manner pending the trial of the action. At the forthcoming trial, the questions of future needs, ability of the husband to provide, good faith of the wife, and the other issues raised, may be explored at length.

The order is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.