[No. 13742.   In Bank. — May 31, 1890.]

ROBERT S. THORNTON ET AL., PETITIONERS, v. J. P. HOGE, JUDGE OF SUPERIOR COURT, ETC., RESPONDENT.

MANDAMUS — SETTLEMENT OF BILL OF EXCEPTIONS — ANSWER TO ALTERNATIVE WRIT. — When, in answer to an alternative writ of mandate requiring a superior judge to show cause why he neglects and refuses to settle a bill of exceptions, the judge denies that he has refused to settle the bill, and alleges that he has settled, certified, and filed a correct bill of exceptions, the writ has accomplished the purpose for which it was issued, and will be discharged.

ID. — CORRECTNESS OF SETTLED BILL — REFERENCE. — The correctness of the settled bill of exceptions cannot be tested in the *mandamus* proceeding; and this court will not order a reference in order that evidence may be taken on that issue.

ALTERNATIVE writ of mandate to Hon. J. P. Hoge, judge of the Superior Court of the city and county of San Francisco. The facts are stated in the opinion of the court.

*George H. Buck,* and *Edward F. Fitzpatrick,* for Petitioners.

*T. M. Osment,* for Respondent.

SHARPSTEIN, J.—To an alternative writ of mandate issued out of this court commanding respondent to show cause, if any he may have, why he has failed, neglected, and refused, and still neglects and refuses, to allow, settle, certify, and sign the bill of exceptions, or other proper bill of exceptions, in the petition of the petitioners mentioned, the respondent has filed his answer, in which he denies that he has refused to sign or certify a correct bill of exceptions in the cause mentioned in said petition, and alleges that he has settled, certified, and filed a correct bill of exceptions in said cause. That he has settled, certified, and filed a bill of exceptions is not controverted by petitioners, but they insist that it is not a correct bill of exceptions, and ask this court to order a reference, in order that evidence may be taken on that issue. We know of no precedent for such a proceeding. The writ has accomplished the purpose for which it was issued, and is therefore *functus officio.* There can be no further proceedings under it. Such being the case, the writ should be discharged.

Writ discharged and proceeding dismissed.

Fox, J., and McFARLAND, J., concurred.

PATERSON, J., concurring.—I concur. The remedy after a bill has been settled is provided by section 652 of the Code of Civil Procedure. A judge may be compelled to act by mandate, but his discretion cannot be controlled thereby.