[S. F. No. 1520.   Department Two.—December 21, 1900.]

# AMANDA M. WILLIAMS, Respondent, v. JOSEPH H. TAM, Appellant.

Husband and Wife—Separate Property—Half Interest in Horses—Funds Borrowed from Husband's Donee—Earnings of Horse.—A half interest in a horse purchased by the wife with funds given by the husband to her daughter, and borrowed by her from the daughter, and in another horse purchased with the earnings of the first, constitutes the separate property of the wife.

Id.—Tenancy in Common—Power of Disposition by Husband.—Where the husband and wife were not in the business of buying and selling horses for profit, but their business with the horses consisted in training and running them upon the racetrack, and each owned one half interest therein, they are not copartners, but tenants in common of the horses, and the husband has no power to dispose of the wife's interest therein without her authority.

Id.—Authority of Husband not Implied.—The authority of the husband to dispose of the wife's interest cannot be implied from the use made of the horses, nor from the relationship of the parties, in the absence of evidence of authority given by her, or of an agency, real or ostensible, conferred by her upon the husband for the sale of her interest.

Id.—Bill of Sale by Husband—Possession of Horses—Estoppel of Wife.—Where the husband made a bill of sale to the purchaser, which did not purport to be executed by or on behalf of the wife, the purchaser cannot contend that the wife is estopped from claiming her interest by the mere fact that the horses were in the possession and apparent control of the husband.

Id.—Protection of Purchaser—Notice of Wife's Interest.—The purchaser cannot claim protection as a *bona fide* purchaser for value from the husband as the reputed owner of the horses, where it appears that prior to the sale and conveyance of the horses the purchaser was notified of the interest owned by the wife.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   James M. Seawell, Judge.

The facts are stated in the opinion.

Thomas A. McGowan, for Appellant.

George D. Collins, for Respondent.

HAYNES, C.—The complaint alleges that the plaintiff and defendant are owners in common of two horses, named respectively "Midas" and "Sport McAllister"; that said horses are in the possession of defendant; that she is excluded from the use and possession of the horses; and praying for a decree of partition, that a sale of the horses be ordered, and for an accounting.

The defendant denies that the plaintiff has any interest in the horses, and claims to be the sole owner of them by virtue of a sale to him by the husband of the plaintiff, one Dow Williams.

The decree granted the prayer for a sale and partition, but denied the accounting; and defendant appeals from the judgment and also from an order denying a new trial.

Appellant specifies many particulars in which he insists the evidence does not justify the findings. The evidence, however, is sharply conflicting in most material particulars.

The facts may be briefly stated as follows: Dow Williams, the husband of the plaintiff, and one Manuel Morris jointly purchased the horse "Midas." In the early part of 1895 Morris sold his interest in the horse "Midas" to the plaintiff, and executed a bill of sale to her. Appellant contends that the purchase was made with community funds, and that the horse became community property, and that "Midas" and "Sport McAllister," subsequently acquired, were sold and transferred to him by the husband, Dow Williams. Plaintiff insists that the purchase was made with her separate money. The price was five hundred dollars. Plaintiff's daughter, Miss Riley, owed Mr. Williams four hundred and fifty dollars, but he refused to accept it from her. Plaintiff insisted that he should accept it, and he told her to take the money and use it herself. Plaintiff then secured a loan of seven hundred and fifty dollars upon her daughter's property, and out of that money paid Morris for his interest in the horse "Midas." The other horse was afterward purchased with the earnings of "Midas." The court found these facts upon sufficient testimony, and concluded that said interest in said horses constituted her separate property.

The interest acquired by the plaintiff from Morris was in the early part of 1895. These horses were trained and run on the racetrack until in March, 1896, when Dow Williams was ex-

cluded from the privileges of the Bay District track. Not being able to find a purchaser readily, and being told that the horses would also be ruled off, he testified that he went to the defendant, Tam, for legal advice; that it resulted in the execution of a bill of sale of the horses to defendant, dated April 9, 1896, the consideration recited being ten dollars, and that he then informed "Judge Tam Mrs. Williams had a half interest in those horses."

On April 9, 1897, Dow Williams gave Tam his personal receipt for two hundred dollars "in full of all demands on account of the sale of the horses 'Midas,' 'Sport McAllister,' and 'Venus' "; and the court found that on that date, and at no other time, Dow Williams sold and conveyed his interest in said horses to the defendant, "and that prior to such sale and conveyance defendant had notice of the said ownership of plaintiff in said horses."

1. Appellant contends "that there is no evidence to sustain the finding that the half interest in the horses became the separate property of the plaintiff by reason of their being purchased with this alleged gift."

Sections 1146 and 1147 of the Civil Code, and several cases, are cited to support said proposition. There is here no question as to what is essential to constitute a valid gift. As stated in *Zeller v. Jordan,* 105 Cal. 148, cited by appellant: "A gift *inter vivos,* to be valid, must take effect at once, and there must remain nothing to be done essential to its delivery. If it is to take effect in the future it is no gift, only a promise to give." But the gift was not to take effect in the future, as in the case above cited, where it was "to take effect at the death of the donor." Here there was no revocation of the gift, and it was in fact received by the donee and appropriated to her own use.

2. It is next contended by appellant that if said money was the separate property of the wife, she and her husband were copartners, and that his transfer to defendant was valid and transferred her interest.

Plaintiff and her husband were not engaged in the business of buying and selling horses for profit. Their business was training and running horses upon the racetrack. As to the horses, which were kept and used for a special purpose, they

were tenants in common. "A husband and wife may hold property as joint tenants, tenants in common, or as community property." (Civ. Code, sec. 161.) There can be no implication arising from the use made of the horses, nor from the relationship of the parties, that Williams had any authority to sell his wife's interest in the horses, and no authority is shown to have been given him by the plaintiff for such purpose; nor was there any evidence of an agency, whether real or ostensible, for the sale of the plaintiff's interest in the horses. The evidence is that defendant was informed by Dow Williams that his wife owned a half interest in the horses, and that should have put him upon inquiry as to Dow Williams' authority to represent his wife in a transfer of the property. Besides, the bill of sale did not purport to be executed by the plaintiff, nor on her behalf. He cannot, therefore, successfully contend that the plaintiff is estopped by the fact that the horses were in the possession and apparent control of Dow Williams.

3. The motion for nonsuit was properly denied. In his brief appellant rests this point upon his argument of the points above noticed, and, therefore, it need not be further discussed.

4. It is contended that the court failed to find upon the special defense that the husband was the reputed owner of the horses, and that defendant purchased them in good faith. The court expressly found: "That prior to such sale and conveyance defendant had notice of the said ownership of plaintiff in said horses."

The judgment and order appealed from should be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Temple, J.