[L. A. No. 3106.   Department Two.—August 21, 1913.]

## P. W. DYMENT, Appellant, v. CHRISTINE HINSDALE NELSON and OLIVER N. NELSON, Respondents.

MARRIED WOMEN—SEPARATE PROPERTY—MONEY BORROWED ON CREDIT OF SEPARATE PROPERTY.—Money borrowed by a married woman upon the credit of her separate property becomes her own and not a part of the community assets. The mere fact that the husband joined in the notes evidencing the loan does not alter the *status* of the property.

ID.—YACHT PURCHASED WITH MONEY BORROWED—POSSESSION OF HUSBAND—REGISTRY IN HIS NAME.—Where the money so borrowed was used by the wife in purchasing a yacht, the facts that the husband had its possession and the registry of it was taken out in his name did not change its *status*. The management of the yacht by him raised no presumption except that he was holding it in trust for her.

ID.—PURCHASER OF YACHT FROM HUSBAND—NOTICE OF WIFE'S OWNERSHIP.—One acquiring such yacht from the husband in payment of a pre-existing debt due from him, while it was registered in his name, with knowledge of the wife's ownership, obtains no greater rights therein than the husband had.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

W. J. Mossholder, Mark P. Mossholder, and Rusk P. Mossholder, for Appellant.

E. H. Lamme, and E. I. Kendall, for Respondent Christine H. Nelson.

Johnson Puterbaugh, for Respondent Oliver N. Nelson.

MELVIN, J.—This action was commenced by Dyment for the purpose of establishing his ownership of the yacht "Lurline" which had been purchased, he alleged, from Oliver N. Nelson, one of the defendants, the husband of the other defendant. The judgment was in favor of Christine H. Nelson, the court decreeing that the vessel was her separate property

and that the pretended sale to the plaintiff by the husband of Christine H. Nelson was of no effect. From the judgment and from an order denying his motion for a new trial the plaintiff appeals.

The court found that the defendants had been husband and wife since October, 1909; that at the time of their marriage, Christine Hinsdale Nelson was the owner of a large amount of property which was her separate estate and that she had a credit, based upon her possession of said separate property, at the First National Bank of San Diego; that O. N. Nelson had no property at the time of the marriage and had acquired none since that time; that on April 14, 1910, Mrs. Nelson borrowed five thousand two hundred dollars from the aforesaid bank, giving her notes therefor, but that although her husband joined in the giving of said notes, the money was loaned upon her sole credit and upon the faith of her separate property only; that the yacht "Lurline" was purchased later from one H. H. Sinclair, payment therefore being made out of the funds so borrowed; that against her protest, title to the yacht was taken and registry was made with the collector of the port of San Diego in the name of O. N. Nelson, but that Mrs. Nelson at all times after the purchase from Sinclair asserted ownership and right to the possession of said yacht; that an alleged bill of sale of said yacht by O. N. Nelson to P. W. Dyment October 17, 1910, was executed for the payment of a pre-existing claim of Dyment against Nelson for the settlement of which Mrs. Nelson was in no way obligated; and that at the time of said pretended purchase the plaintiff well knew that the "Lurline" had been bought by Mrs. Nelson with her own separate funds and that she claimed to be the owner of said yacht. Upon these findings the judgment in favor of Mrs. Nelson was based.

The principal and indeed the only important question discussed in the briefs is whether or not the evidence justified the findings to the effect that Christine Hinsdale Nelson was the owner of the yacht as a part of her separate estate.

Appellant insists that since the money for the purchase of the yacht was not acquired in any of the ways enumerated in sections 162, 163, and 164 of the Civil Code, it was community property. It has been repeatedly held, however, that when a married woman borrows money upon the credit of her sep-

arate property, the money so borrowed is her own and not a part of the community assets. This was the doctrine announced in the case of *Schuyler* v. *Broughton,* 70 Cal. 282, [11 Pac. 719], but it was there also announced that money obtained by her simply as a loan was property acquired by contract and therefore presumptively belonging to the community. The later part of this doctrine has been doubted and criticised by this court in *Flournoy* v. *Flournoy,* 86 Cal. 292, [21 Am. St. Rep. 39, 24 Pac. 1012], but even applying the strict rule of *Schuyler* v. *Broughton* to the case at bar, the findings of the trial court are justified. The bank loaned the money entirely upon the credit of Mrs. Nelson. Indeed it was understood that a part of the loan was to be repaid within a very few days from money to be raised by mortgaging some of Mrs. Nelson's separate real property, and the negotiations for the execution of the mortgage and the payment of the money thereon were then pending. Under the circumstances the money with which the "Lurline" was purchased was undoubtedly the separate property of Mrs. Nelson and it follows that the yacht was also a part of her separate estate, and the mere fact that the husband joined in the notes does not alter the *status* of the property. (*Heney* v. *Pesoli,* 109 Cal. 61, 41 Pac. 819]; *Carle* v. *Heller,* 18 Cal. App. 582, [123 Pac. 815].) Nor was the possession of the property by the husband and the registry of the yacht in his name sufficient to change its *status.* The fact that it was not community property being once established, the management of it by the husband raised no presumption except that he was holding it in trust for her. (*Williams* v. *Tam,* 131 Cal. 67, [63 Pac. 133]; *Title Ins. & Trust Co.* v. *Ingersoll,* 153 Cal. 5, [94 Pac. 94]; *Shaw* v. *Bernal,* 163 Cal. 262, 271, [124 Pac. 1012].)

There was evidence sufficient to support the finding that the plaintiff knew of Mrs. Nelson's claim of ownership and the purchase of the yacht with her separate funds. She and her daughter had called upon him and had been advised by him with reference to their desire for a change so that the title to the property should be held in her name. This was long before plaintiff received the bill of sale from O. N. Nelson. Knowing these facts when he took the property in payment of a pre-existing debt owed by Nelson, the plaintiff was

in no better position that was the husband of the real owner. (*Williams* v. *Tam,* 131 Cal. 67, [63 Pac. 133]; *Everdson* v. *Mayhew,* 65 Cal. 167, [3 Pac. 641].)

Other points are mentioned in a general way in the brief of appellant, but as we have been favored with no argument or citation of authority with reference to them, we will not discuss them.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.