[S. F. No. 15189. In Bank.—January 10, 1935.]

ALFRED FUHRMAN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

H. W. Hutton for Petitioner.

Dean Cunha and Harry I. Stafford for Respondents.

THOMPSON, J.—This is an application for a writ of mandate directed to the respondent court directing and commanding it to settle a bill of exceptions. The case of *Beasley* v. *Fuhrman* came to trial in the superior court upon the complaint and answer thereto, the cross-complaint of petitioner and an answer thereto, and judgment was rendered for defendant upon the complaint and answer and for cross-defendant in the cross-action. Cross-complainant, the petitioner here, gave notice of appeal from that part of the judgment rendered against him and in due time served and presented to the trial judge his proposed bill of exceptions. No amendments were proposed. But the attorney for the cross-defendants requested counsel to lend him the transcript for the purpose of checking the proposed bill of exceptions, which request was refused. Counsel says that he would not permit its use upon instructions of his client.

Thereafter, and on May 25, 1934 (the trial was concluded February 17, 1933), the proposed bill of exceptions came

on for settlement before the trial judge, whereupon it was called to his attention that the minute order omitted to recite that judgment was ordered for the cross-defendants, although the findings of fact and judgment thereon so declared and adjudged. The court therefore corrected the minute order to read as follows: ''It is ordered that plaintiff take nothing by her complaint or amended complaint and that defendant and cross-complainant take nothing by his cross-complaint and that plaintiff is the owner in fee simple of the real property described in the cross-complaint of defendant A. Fuhrman, and is entitled to a decree quieting her title to said property against any claims of said defendant,'' and ordered that a copy of said corrected order be included in the bill of exceptions. The court also ordered a statement to be inserted in the bill of exceptions as follows: ''There was other sufficient and competent evidence introduced tending to, and which did establish, that plaintiff was the owner in fee simple absolute of the real property described in defendant, A. Fuhrman's, cross-complaint and plaintiffs' supplemental answer thereto, and that defendant A. Fuhrman had no right, title or interest whatsoever in and to said real property.'' It is set forth in respondents' answer to the petition herein: ''That by reason of the passage of time and other causes and other trials of different actions intervening the said respondent court could not recall all the testimony that had been introduced in the trial of said action upon the various issues and that on account of the fact that the said petitioner herein refused to assist the said court and to furnish it with the transcript of testimony he then had in his possession, and on account of the fact that the said court felt that evidence other and additional to the evidence set forth in said proposed bill of exceptions had been introduced upon the trial of said cause, the court ordered'' the amendment we have already quoted. The respondent court thereupon, and with the two amendments noted, ordered the bill of exceptions settled, but the petitioner has ever since failed and neglected to have the bill engrossed and presented for certification.

There is no dispute, in fact, concerning the last-mentioned order. What the petition really seeks is an order compelling the respondent judge to omit the two amendments and to settle the bill as originally presented.

Adverting first to the correction of the minute order, it is apparent that petitioner has nothing of which to complain. The decision of the court consists of the findings of fact and conclusions of law, and the only effective judgment is the written judgment entered in the cause. Entirely disregarding the right of the court to correct and make its records speak the truth, therefore this amendment could have no effect upon the rights of petitioner.

Turning now to the second amendment, petitioner's plea makes little appeal to us. He had it within his power, altogether apart from the laborious course open to the trial judge of calling in the court reporter for a reading of his notes, to have the bill of exceptions correctly reflect the testimony adduced. This he declined to do and we are inclined to leave him where his own action has landed him.

But aside from this is the fact that the bill of exceptions has been settled. We are asked, not to compel its settlement, but to correct it as settled. This is not the proper proceeding for the correction of a bill of exceptions. (*Thornton* v. *Hoge*, 84 Cal. 231 [23 Pac. 1112]; *Hyde* v. *Boyle*, 89 Cal. 590 [26 Pac. 1092].)

The writ is denied.

Shenk, J., Curtis, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.