[Civ. No. 18437. Second Dist., Div. One. Dec. 21, 1951.]

HILDA L. LeFIELL, Appellant, v. CECIL K. LeFIELL, Respondent.

Beloud & Bowman and Robert G. Beloud for Appellant.

Roland Maxwell and Paul H. Marston for Respondent.

DORAN, J.—It is the contention of the plaintiff-appellant wife that the evidence fails to "support the trial court's judgment that the defendant (husband) was entitled to a divorce"; that the trial court erred "in dividing the community property business, known as LeFiell Manufacturing Company, in proportions of 55% to the defendant and 45% to the plaintiff"; and that the evidence did not support the "judgment that the defendant is entitled to a $10,000.00 separate interest in the business . . . by reason of a gift from defendant's father. The defendant cross-appealed from certain portions of the judgment and from an order awarding plaintiff attorney fees and costs on appeal.

The parties hereto were married in 1924 and lived together approximately 25 years. Plaintiff wife complained of some 20 specific acts of cruelty, and by cross-complaint the defendant husband charged the wife with nine acts of cruelty. After finding that certain household effects and other items were community property, the trial court found that the LeFiell Mfg. Company was likewise community property but that the wife had a separate interest therein of $10,000 as the result

of an advancement to such business, and that the husband had a like separate interest of the value of $10,000 "as the result of the gift to him by his father on or about October 1, 1931 of the equipment of said business." Certain other property including the family home was held in joint tenancy. The wife was found to have income of more than $200 per month from certain separate property inherited from relatives.

It was found by the trial court that the wife's allegations of cruelty were untrue except that the husband had, "in a joking and facetious manner" stated that the wife's hair "looked as though it had been combed with a mixmaster"; that for five years neither party had remembered the other with an anniversary present; that the husband had, in the course of discipline, unintentionally broken a tooth of the minor child; and that the husband had had dinner with a woman friend whom the husband had not seen for 27 years, etc.

The husband's allegations that the wife had been unaffectionate, fault finding and of a nagging disposition, etc., were found to be true. There was evidence to the effect that the wife refused to accompany defendant to various places, criticized business policies, would not wait dinner for defendant, and failed to visit Mr. LeFiell who was hospitalized with an eye injury. In appellant's brief this evidence is contradicted or explained, appellant's position being that "When broken down and examined defendant's charges indicate there was no cruelty on plaintiff's part towards him entitling him to a divorce. On the contrary, the admitted acts of cruelty of the defendant . . . unquestionably indicate that the plaintiff was the one wronged."

It is also argued that even if there had been cruelty on the part of Mrs. LeFiell, grievous mental suffering on the husband's part was not shown; also, that if both parties were at fault, divorce should be denied. In this connection, appellant concedes that "The general rule of law is to the effect that ordinarily the trial court's finding in matters of this kind is binding if supported by sufficient evidence. However, it is contended that this case falls within the exception of the general rule which states that the conclusion reached by the trial court will be reversed on appeal if the evidence is so slight as to indicate an abuse of discretion."

The fundamental principle that a reviewing court must disregard conflicts and give to the evidence and proper inferences therefrom, the fullest effect in support of findings and judgment, rather than attempting to weigh the evidence anew,

is clearly applicable to the present appeal.  ▮  The matter of cruelty and its effect on the aggrieved party are questions of fact to be decided by the trial court, and the findings in respect thereto will not be interfered with by an appellate tribunal where, as in the instant case, substantial supporting evidence is disclosed by the record. In this respect it is immaterial whether such evidence comes from testimony of one of the parties or from other witnesses; in any event the question of credibility was one for the trial judge to determine.

In reference to the division of community property and appellant's complaint that the trial court erred in assigning 55 per cent of the LaFiell Manufacturing Company to the husband, it is only necessary to point out that section 146(1) of the Civil Code expressly provides that where a divorce is granted on the ground of extreme cruelty the community property shall be assigned "in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just."  ▮  As said in *Harrold* v. *Harrold*, 100 Cal. App.2d 601 [224 P.2d 66], and elsewhere, "The inference derived from this code section is that the nonoffending party is entitled to more than one half of the community property where the divorce is granted on the ground of extreme cruelty."

▮  The question of the amount of the award in excess of 50 per cent of the community property is a matter resting largely in the discretion of the trial court.  ▮  Although section 148 of the Civil Code empowers an appellate court to revise the award made by the trial court, as stated in *Gonsalves* v. *Gonsalves,* 92 Cal.App.2d 334, 341 [206 P.2d 1127], the reviewing court "will be slow to interfere with that discretion." In the instant case the record affords no ground for belief that the trial judge was guilty of any abuse of discretion or that the division made depended upon "a mere whimsy" of the judge, as suggested in appellant's brief.

In like manner it may be said that all matters pertaining to the various items of property owned by the parties, and the award of attorney fees in connection with the trial and appellate litigation, involved questions of fact and judicial discretion. No reversible error has been pointed out, and the findings made derive support from evidence disclosed by the record. Assignments of error on the original appeal by the plaintiff wife, and on the cross-appeal by the husband, are without merit.

The judgment and order appealed from are affirmed.

White, P. J., and Drapeau, J., concurred.