[Civ. No. 15745.  First Dist., Div. Two.  May 25, 1954.]

CORNELIO VILLAFUERTE, Appellant, v. ELIZABETH VILLAFUERTE, Respondent.

Edmund J. Holl for Appellant.

George E. Hammer and Anthony E. O'Brien for Respondent.

DOOLING, J.—This is an appeal from certain portions of an amended interlocutory decree of divorce. Appellant husband was granted a divorce on the ground of extreme cruelty. The court awarded the respondent wife $2,000 representing her interest in the community property and $400 and $150, respectively, for additional legal fees payable to respondent's counsel.

Appellant Cornelio purchased a piece of property in Vallejo for $4,500 in 1942. He met respondent Elizabeth in 1943, but they were not married until 1947. During 1943 they saw each other frequently and planned to get married. Cornelio was living at the house in Vallejo and paying $22 per month on the mortgage. They were both working and therefore decided to double up on the payments for the house. Elizabeth testified that she made one payment of $22 in 1943 and continued to make such payments to the latter part of 1944. They stopped going together in 1944 and did not resume seeing each other until 1947. In the meantime Elizabeth had married another man and obtained an interlocutory decree of divorce in December, 1946. Soon after this she moved into the house in Vallejo with Cornelio and lived with him for approximately a year before they married. During this time Elizabeth contributed to the household expenses and kept house for Cornelio. After they were married they decided to purchase some property in San Francisco. They agreed that he would save his money to invest in the property and she would use her salary to pay the household expenses. They purchased property in San Francisco located on Grove Street in 1952. In order to raise enough money for a down payment they borrowed $2,500 on the home in Vallejo, and both parties signed the mortgage. Two thousand dollars of this was used for the down payment on the San Francisco property. There was also a mortgage on the San Francisco property which was signed by both of them.

The court originally found that the two pieces of real property were the separate property of Cornelio. The defendant was awarded $2,000 payable in sums of $150 per month, $400 additional attorneys' fees and $150 additional to cover expenses of the wife in executing quitclaim deeds to the real property above mentioned. Counsel for appellant moved for a new trial on partial issues. Appellant contended that the award of $2,000 was not correct because the court ruled the real property to be separate and a guilty wife is not entitled to alimony. On the hearing of the motion for new trial the trial court stated that the wife had a definite interest in the real property, and that the $2,000 was not intended to be support money. The court stated that the findings submitted by counsel were signed without examining them, that he had intended to find that the real property was community property and to award $2,000 to the wife for her interest therein. Therefore it was ordered that the findings be amended. (Code Civ. Proc., § 662.)

The amended findings are that both parcels of real property are community property and that the wife receive $2,000 payable in monthly installments of $150, which represents her community interest in the real property referred to above.

There is no evidence to support the finding that the wife had a community property interest in the property in Vallejo. At most, giving her own testimony its most favorable construction, she paid $22 per month towards its purchase in 1943 and 1944 for 10 or 12 months. That was several years before her marriage to appellant and in the meantime she married and divorced another man. Whatever claim she might have against appellant for the money so advanced it could not result in her acquiring a community property interest. Her joining in the mortgage on the Vallejo property does not alter its status. (*Dyment* v. *Nelson*, 166 Cal. 38 [134 P. 988].) The Vallejo property was fully paid for when the parties were married and there is no showing that any community funds went into it, nor was there any testimony which would support a finding that this was transmuted to community property by agreement of the parties.

The equity in the San Francisco property occupies a different status. The wife testified that the parties agreed to buy it together, the husband to make the payments while she paid the household expenses out of her own earnings. The court could reasonably conclude that the parties intended the property so purchased to be community property and

that the $2,000 down payment was transmuted to community property by agreement. (10 Cal.Jur.2d, Community Property, § 58, p. 733.) ▮ The fact that title to the property was taken in joint tenancy would not prevent its being community property if the spouses so intended. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754 [146 P.2d 905] ; *Huber* v. *Huber*, 27 Cal.2d 784 [167 P.2d 54] ; *La Mar* v. *La Mar*, 30 Cal.2d 898, 903 [186 P.2d 678].)

The award of $2,000 to the wife must be reversed (1) because it is partly based on an erroneous finding that she had a community interest in the Vallejo property and (2) because the court made no finding of the value of the equity of the parties in the San Francisco property. ▮ It is error to allow a sum of money in lieu of the community interest in property without a finding of the value of the property. (*Forbes* v. *Forbes*, 118 Cal.App.2d 324, 326 [257 P.2d 721] ; *Bailey* v. *Bailey*, 60 Cal.App.2d 291 [140 P.2d 693].)

▮ The allowance of $400 attorneys' fees is not excessive. The attorneys moved for an allowance of attorneys' fees at the opening of the trial and the court had power to make the order at the trial's conclusion. (*Nelson* v. *Nelson*, 100 Cal.App.2d 348, 351 [223 P.2d 636].)

The allowance of $150 to complete transfer of title to the San Francisco property is now premature because of our holding that the community property interests of the parties therein must be readjudicated.

The award of $400 counsel fees is affirmed. The allowance of $150 and $2,000 are reversed with directions to the trial court to retry the issue of community property and to make a new award not inconsistent with this opinion.

Nourse, P. J., and Kaufman, J., concurred.