[Civ. No. 23068.   Second Dist., Div. One.   June 27, 1958.]

ALICE SCOTT BREEDLOVE, Appellant, v. BROWN
BREEDLOVE, Respondent.

Robert W. Zakon for Appellant.

Paul C. Hill for Respondent.

FOURT, J.—This is an appeal from that portion of a judgment which awarded the plaintiff $150 as her interest in the community property of the parties.

The plaintiff and defendant were married in June, 1948, and separated January 25, 1950. On June 29, 1955, the defendant and one described in the deed as Lennie M. Breedlove acquired an interest in certain real property as joint tenants. Subsequently, defendant obtained what purported to be a decree of divorce from plaintiff in Mexico on January 25, 1956, and on February 22, 1956, the defendant went through a marriage ceremony with Lennie Saunders. On March 6, 1957, the plaintiff filed her action in divorce, charging the defendant with wilful desertion. In this complaint she alleged that there was no community property of the parties. Defendant filed his answer to the complaint on March 14, 1957, in which he admitted the marriage and denied that he had deserted the plaintiff; further, he set forth that he had secured a Mexican divorce from plaintiff on January 25, 1956. On the same date, defendant filed a cross-complaint for an annulment, or in the alternative, a cause of action for divorce wherein he charged her with desertion. He alleged that there was no community property.

At the time of the trial it was stipulated that the husband's cause of action with reference to the annulment could be, and was stricken, and further that the wife could file an amended complaint in which it was alleged that there was some community property consisting of a 1954 Plymouth automobile and the real property situated at 119 West 113th Street, Los An-

geles, California. The amended complaint contained a notation, written below the verification, "Amendment consented to Paul C. Hill," and "Amendment need not be answered H. L. Richardson." The prayer of the amended complaint requested (1) a divorce, (2) payment of the wife's attorney's fees, (3) her share of the community property and (4) costs of suit. No alimony was sought.

The court, according to the reporter's transcript, stated at the conclusion of the hearing:

"THE COURT: An interlocutory judgment of divorce will be granted to the Plaintiff in the action. There will be a judgment for the cross-defendant on the cross-complaint and the answer to the cross-complaint without costs. *It will be found that the community property consists of equity in one 1954 Plymouth automobile,* which is awarded to the defendant as his sole and separate property, and by way of further property division herein, and in lieu of all alimony the defendant is ordered to pay to the plaintiff $150, payable $15.00 a month, the first payment to be made on November 1, 1957.

"Now, since there is no further award of attorneys fees, and I know Mr. Richardson is going to feel imposed upon if we require him to draw findings of fact, although I don't think we would be safe without drawing findings of fact showing *the real estate is not community property.*

. . . . . . . . . . . . . . .

". . . Counsel for the plaintiff can draw findings of fact and conclusions of law, and also the interlocutory decree, and *submit them to counsel for defendant for written approval.* I suggest you two gentlemen consult with the title company for the purpose of clearing up the title so it will be unecessary to bring an action to quiet title. They may require your client to execute a quit claim deed." (Emphasis ours.)

In June, 1955, while the defendant was still married to the plaintiff, the defendant became an owner as a joint tenant of the real property described in the amended complaint, and in January of 1957, became the owner of a Plymouth automobile.

Findings were prepared by counsel for the wife and signed by the judge wherein it was set forth that all of the allegations of the plaintiff's amended complaint were true. It was also found, "That there was certain community property the accumlation of this marriage consisting of *a* interest in one (1) 1954 Plymouth automobile and the real property situated in the City of Los Angeles, State of California, and

bounded and more particularly described as follows to wit: Lot 276 of Bowen's Main, Moneta and Figueroa Tract as per Map recorded in Book 11, Page 85 of Maps, in the office of the County Recorder of Los Angeles County.

. . . . . . . . . . . . . . .

"The court finds that the interest of the plaintiff in and to the community property of the parties hereinabove described is of the value of $150.00 dollars and it is hereby ordered that the sum of $150.00 dollars be paid to the plaintiff as and for her interest in said property in equal installments of $15.00 dollars per month, commencing on the 1st day of November, 1957."

The findings were prepared by plaintiff's counsel in obvious disregard and contrary to the instructions given by the judge from the bench at the conclusion of the hearing. However, the form of the findings was submitted to the attorney for the husband, and under the word "Approved" at the end of the findings, he executed his signature "Paul C. Hill as attorney for the defendant and cross-complainant."

A form of interlocutory judgment of divorce was prepared by counsel for the wife and signed by the judge wherein it was set forth:

"It Is Further Ordered, Adjudged and Decreed, that *defendant* and cross-complainant *be* and is hereby *awarded the community property real* and personal *of the parties hereto, as his sole and separate property* consisting of one 1954 Plymouth automobile and the real property located in Los Angeles, California and more particularly described as:

"Lot 276 of Bowen's Main, Moneta and Figueroa Tract as per map recorded in Book 11, Page 85, of Maps, in the office of the County Recorder of Los Angeles County.

"It Is Further Ordered Adjudged and Decreed, that defendant and cross-complainant pay to plaintiff and cross-defendant the sum of $150.00 dollars as and for her interest in the real property of the parties hereto, payable in installments of $15.00 dollars per month, commencing November 1, 1957, and continuing until the sum of $150.00 has been paid." (Emphasis ours.)

The form of the judgment was submitted to the attorney for the husband, and under the word "Approved" he affixed his signature, "Paul C. Hill as attorney for the defendant."

The plaintiff now appeals from "that portion of the judgment awarding the plaintiff the sum of $150.00 as her interest in the community property."

The judge made no order to the plaintiff's attorney to prepare findings which would set forth that the interest in the real estate was community property. In fact, the court stated in effect the opposite, namely, "I don't think we would be safe without drawing findings of fact showing *the real estate is not community property*." Counsel for the husband prepared findings setting forth that the real estate was the community property of the parties. Further, the court made no direction that there should be a finding that the real estate should be awarded to the defendant as his sole and separate property.

The interlocutory judgment was drawn in a form not in accordance with the directions of the judge.

Appellant now contends that the court had no discretion in determining the amount of community property to be awarded each party because the divorce was obtained upon the grounds of desertion. Subdivision 2, section 146 of the Civil Code provides as follows:

"Two. If the decree be rendered on any other ground than that of adultery, incurable insanity or extreme cruelty, the community property shall be equally divided between the parties." (See *Tipton* v. *Tipton*, 209 Cal. 443 [288 P. 65].)

Appellant also contends that the court erred in allowing a sum of money in lieu of the community interest in the property without finding the value of the real estate and the automobile. This, in spite of the statement of the judge from the bench that the real estate was not community property. (See *Villafuerte* v. *Villafuerte*, 125 Cal.App.2d 466 [270 P.2d 526]; *Bailey* v. *Bailey*, 60 Cal.App.2d 291 [140 P.2d 693].)

We are not unmindful of the rule to the effect that "(t)he deliberations of the court are conclusively merged in the judgment. The findings of fact and conclusions of law constitute the decision which is the final, deliberate expression of the court. To hold that oral or written opinions or expressions of judges of trial courts may be resorted to to overturn judgments would be to open the door to mischievous and vexatious practices. Neither a juror nor a judge is permitted to impeach his verdict or judgment." (*De Cou* v. *Howell*, 190 Cal. 741, 751 [214 P. 444].)

In *Neblett* v. *Superior Court*, 86 Cal.App.2d 64, 66 [194 P.2d 22], the court said: "(1) A minute order directing that findings and judgment be drawn does not constitute the decision of the court and is entirely immaterial. (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672, 677 [74 P. 301].)

"(2) Findings of fact and conclusions of law signed

by the trial judge constitute the court's decision and such decision supersedes any prior minute order directed to be entered by the trial court. (*McConville* v. *Superior Court,* 78 Cal.App. 203, 208 [248 P. 553]; *Fuhrman* v. *Superior Court,* 2 Cal.2d 250, 253 [39 P.2d 802].)''

This particular case presents a different situation, however, from the ordinary case where the problem has arisen. In this case the trial judge set forth in an affidavit in a proceeding to correct the findings that he had signed the findings and the judgment through inadvertence and excusable neglect and that the findings and judgment did not conform to his directions and orders.

We see no ready way to dispose of this case other than to reverse the judgment as to that part which awards the wife the sum of $150 as her interest in the community property, and to direct the trial court to ascertain and determine the value of the community property, if any, and then divide the same equally. If it develops that the trial court finds, as apparently the judge in the original proceeding intended to and originally in effect did find, that the community property interest of the husband in the real property is nil, then this proceeding will indeed have been an expensive one.

Respondent herein has made a motion to correct the findings and judgment of the trial court to conform with what the trial judge ordered. From what has been set forth heretofore in this opinion, the motion should be denied.

Motion denied.

That part of the judgment directing the payment of $150 to plaintiff as her interest in the community property is reversed.

White, P. J., and Lillie, J., concurred.