[Civ. No. 23888.   Second Dist., Div. Three.   Mar. 3, 1960.]

SHIRLEY STONE BALLAS, Appellant, v. MAURICE A. BALLAS, Respondent.

Robert J. Grossman for Appellant.

Maurice A. Ballas, in pro. per., for Respondent.

VALLÉE, J.—Plaintiff wife appealed from that part of the interlocutory decree of divorce which awarded the property set out in the margin to defendant husband[1] and that part directing each party to deliver property to the other. Plaintiff was granted the divorce on the ground of cruelty. The single complaint she makes in her brief is that the court

---

[1] "2. That the community property be divided in the following manner:
"(a) To Plaintiff: [a list of 13 items]
"(b) To Defendant:
    1. Volkswagen automobile
    2. The dog
    3. The Mixer
    4. 2 Electric frying pans
    5. Kitchen stove
    6. Refrigerator
    7. Kitchen table and 4 chairs
    8. Chest of drawers
    9. Hoffman Television set
    10. Electric fan
    11. 1 set of chinaware
    12. $150.00 from the community bank account"

erred in awarding a Pekingese dog and a Volkswagen to defendant.

The court found that the Pekingese was community property. It is first asserted there was insufficient evidence to sustain the finding. The parties were married June 3, 1956, and separated May 9, 1957. Plaintiff testified she acquired the dog in December 1956 with her own personal funds, that it was then registered in her name, that at the time of trial it was still so registered and in her possession, which was more than a year after the parties separated. This evidence was not contradicted. The only evidence presented by defendant was an exhibit which under the heading ''Community property'' listed fourteen items among which, as item 14, was ''Dog.'' From an examination of the exhibit, it appears probable that the item ''Dog'' was inserted as an afterthought. Defendant offered no other evidence with respect to the dog. Further, in his answer, in which he listed ''the property relating to this marriage,'' some of which he alleged was his separate property and some community property, he did not mention the dog. In a cross-complaint which he filed he made the same allegations as he made in his answer without mentioning the dog; and he did not mention the dog at the pretrial hearing. Defendant made no showing that the dog was community property, and plaintiff's testimony that she purchased the animal with her personal funds was without substantial conflict in the evidence. The court found the dog was community property.

Civil Code, section 148, provides: ''The disposition of the community property, and of the homestead, as above provided, is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court.''

This section subjects the exercise of the trial court's discretion in the disposition of the community property to revision on appeal although its action does not amount to an abuse of discretion. (*Strozynski* v. *Strozynski,* 97 Cal. 189, 191-192 [31 P. 1130]; *Reid* v. *Reid,* 112 Cal. 274, 278 [44 P. 564]; *Tipton* v. *Tipton,* 209 Cal. 443, 444 [288 P. 65]; *Nelson* v. *Nelson,* 100 Cal.App.2d 348, 351 [223 P.2d 636]; *Hill* v. *Hill,* 150 Cal.App.2d 34, 35-37 [309 P.2d 44].) ''Under our practice the appellate court, however, has the right to review the action of the lower court in awarding property in actions for divorce and to make such order thereupon as it may deem proper, independent of the question of discre-

tion." (*Cargnani* v. *Cargnani*, 16 Cal.App. 96, 101 [116 P. 306].) "Section 148 of the Civil Code, however, confers authority on a court of review to revise the award of distribution of community property, regardless of the discretion vested in the trial court, so as to render justice pursuant to the provisions of section 146, as it appears to exist according to the judgment of the members of the reviewing court. In other words, the appellate courts have a discretion in dividing the community property pursuant to the mandate of section 146 which is paramount and superior to the discretion vested in the trial court under such circumstances." (*Falk* v. *Falk*, 48 Cal.App.2d 762, 771 [120 P.2d 714].)

After a review of the entire record, we have concluded that the part of the decree appealed from should be modified and that the Pekingese dog should be awarded to plaintiff. It is immaterial whether the dog was community property or the separate property of plaintiff.

The court found the Volkswagen was the separate property of defendant. Plaintiff contends the evidence was insufficient to sustain the finding. The contention is untenable. Each party claimed the car as separate property. Plaintiff claimed defendant gave it to her as an engagement or wedding present. Defendant denied he made a gift of the car to her.

Defendant purchased the Volkswagen on April 23, 1956, prior to his marriage to plaintiff. He paid for it in full before marriage. The car was registered in his name alone. He never delivered the "pink slip or ownership certificate" to plaintiff. He testified he did not tell plaintiff, before the marriage, he was going to buy her an automobile; he never at any time told her he was going to give her an automobile or that he was going to give her the Volkswagen; he never told her he was going to put the Volkswagen in her name. This evidence is sufficient to support the finding that the Volkswagen is the separate property of defendant.

The part of the judgment appealed from is reversed with directions to the superior court to amend its findings of fact, conclusions of law, and judgment in conformity with the views expressed in this opinion, and to award the Pekingese dog to plaintiff. The appeal from the nonappealable order denying a new trial is dismissed. The parties shall bear their own costs on appeal.

Shinn, P. J., and Ford, J., concurred.