[Civ. No. 6650.   Fourth Dist.   June 22, 1961.]

ERMA CHRISTINE SULLIVAN, Respondent, v. JAMES LEO SULLIVAN, Appellant.

Theo. G. Krumm for Appellant.

Karl F. King for Respondent.

SHEPARD, J.—This is an appeal by defendant from an interlocutory judgment of divorce. While the appeal is taken from the judgment *in toto,* the sole point of appeal directed to this court relates to the provisions of the decree providing for the division of the community property. We will address ourselves solely to that point.

## FACTS

The decree is on the ground of extreme cruelty. It is not contended that the court's adjudication in that respect was erroneous, nor that the evidence was insufficient therefor. Findings were waived by stipulation of the parties. The evidence of value came to the court from three primary sources, viz., the testimony of (1) appellant, (2) respondent, and (3) an expert appraiser called on behalf of respondent.

Under the testimony of appellant, the bulk of the community property, which consisted principally of business and residential real estate, fixtures, furniture, automobiles, bank accounts, and balance payable on contract of sale of realty, had a net value after deducting outstanding encumbrances of about $12,800, of slightly less than $80,000. The evidence of appellant indicates additional current business indebtedness of $3,500 to $5,500. The record is not entirely clear whether this was taken into account in appraising the value of the business. However, assuming the maximum debt figures contended for by appellant, the total net value of the community property would approximate $74,500.

The net value according to respondent's testimony, is slightly less than $102,000. If we accept the testimony of the appraiser as to those matters on which the appraiser testified, coupled with the testimony of respondent on those items on which the appraiser did not testify, the value is slightly over $101,000. A variation of less than $1,000 would result if the appraiser's values are in like manner joined with those given by appellant.

Thus, whether we use respondent's testimony alone, or respondent's testimony coupled with the appraiser's testimony on those items on which the appraiser testified, or in the same way the appellant's testimony coupled with the appraiser's testimony, we arrive at a net total value of the community property in the neighborhood of $100,000, one-half of this being $50,000. Coupling the testimony of respondent and respondent's appraiser, or appellant and the appraiser in the same three ways, we arrive at a value of between $32,000 and

$33,000 awarded to respondent, with the balance, or $67,000 or $68,000 awarded to appellant. If we add $14,900 to the $33,000 in property, we have a total of $47,900 awarded to respondent. Continuing to use the same evidence, and subtracting $14,900 from $67,000, we have a total award of $52,100 to appellant.

Viewing the evidence in the light of respondent's and the appraiser's testimony, which the trial court was entitled to do, it certainly was well within the range of supporting evidence. Only by completely ignoring respondent's evidence and using appellant's evidence alone, do we find any disparity in favor of respondent. On the other hand, if we use respondent's evidence alone, the disparity would show in favor of appellant. It is evident that the trial court did not grant absolute credence to the values testified to by either appellant or respondent. As already noted above, findings were waived by stipulation of the parties.

### Judgment Supported by Evidence

■■ Where, as in this case, findings are waived, it must be assumed by the appellate court that the trial court found the facts to be in accord with the evidence which will support the judgment. In the case at bar, the evidence was ample to support the judgment. (*Gray* v. *Gray,* 185 Cal. 598, 599 [1] [197 P. 945]; *Childers* v. *Childers,* 74 Cal.App.2d 56, 59 [1] [168 P.2d 218]; *Fowler* v. *Fowler,* 126 Cal.App.2d 496, 499 [3] [272 P.2d 546].)

### Adjustment by Money Award

■ Where the award to the respective parties of varying parcels of community property creates an imbalance in equitable division, the use of a monetary award from the person receiving the greater value to the person receiving the smaller value is an acceptable and practicable method of adjusting the inequalities in the property values so awarded. (*Webster* v. *Webster,* 216 Cal. 485, 488 [1] [14 P.2d 522]; *Bailey* v. *Bailey,* 60 Cal.App.2d 291, 295 [2] [140 P.2d 693]; *Dallman* v. *Dallman,* 164 Cal.App.2d 815, 819 [2] [331 P.2d 245].) Here, the trial court merely used a monetary award of $14,900 to adjust the imbalance of physical properties decreed to the respective parties. We find no abuse of discretion.

### Extreme Cruelty—Property Division

■ Civil Code, section 146, provides, *inter alia,* that: "One. [Community property, cases of adultery, cruelty, or insanity.] If the decree is rendered on the ground of . . . ex-

treme cruelty, the community property shall be assigned to the respective parties in such proportions as the court, from all the facts of the case, and the condition of the parties may deem just.''

Unless the record shows an abuse of discretion involving an injustice to one of the parties, appellate courts will not disturb the decree of the trial court. (*Gonsalves* v. *Gonsalves*, 92 Cal.App.2d 334, 342 [2] [206 P.2d 1127]; *LeFiell* v. *LeFiell*, 108 Cal.App.2d 321, 324 [4-5] [239 P.2d 61]; *Benom* v. *Benom*, 173 Cal.App.2d 286, 299 [16] [343 P.2d 638].) We find no abuse of discretion by the trial court under the evidence in this record.

### SUPPORT OF CHILD

■ Some suggestion of complaint is made regarding the order for payment of support in the amount of $100 per month for the one child awarded to the custody of respondent. That is a matter remaining within the control of the trial court, and can, in the sound discretion of the trial court, be adjusted in accordance with any changing economic condition of the parties which future evidence might show. We find no abuse of discretion on the facts now extant as shown by the record before us. (Civ. Code, § 139.)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.