[Civ. No. 29278.   Second Dist., Div. Four.   Nov. 29, 1966.]

MARGARET IRISH, Plaintiff and Respondent, v. HAROLD IRISH, Defendant and Appellant.

Francis Gherini for Defendant and Appellant.

Heily & Blase and Edward L. Lascher for Plaintiff and Respondent.

KINGSLEY, J.—This is an appeal from an interlocutory judgment of divorce entered by the court granting a divorce to the wife, the plaintiff, on the grounds of extreme cruelty. The decree awards most of the community property to the wife,[1] and a small amount to the husband; it omits any award of alimony, orders both parties to pay their own attorney fees and costs of litigation, and directs the wife to pay, out of the community property awarded to her, certain witness fees incurred on behalf of both parties.

Taking the evidence most favorable to the respondent, as we are bound to do on appeal, we find the record replete with acts of cruelty by appellant, including verbal abuse, improper conduct with other women, striking the respondent, twisting her arm, excessive drinking, and threats of violence toward respondent. Respondent wife, on the other hand, worked conscientiously in a partnership business in the fields as a laborer, in addition to doing her own housework. Also appellant had had a heart attack in 1962. The trial judge found that the appreciation in community property was due to respondent's business acumen and her labor. Respondent was awarded, of the community property, one-fourth interest in

---

[1]There are no findings by the judge as to the total value of the community property. Respondent wife claims the property awarded her was $96,800 and appellant husband claims the property awarded the wife had a value of $117,525.

185 acres of land, an improved 6-acre parcel, one-fourth interest in the Butchko Ranch, furniture, and a life insurance policy of $5,000 maturity value. Appellant was awarded a life insurance policy of $5,000 maturity value and a 1955 pickup truck.

Appellant's main contention on appeal is that the apportionment of community property was unjust and should be modified by virtue of this court's power under section 148 of the Civil Code. Appellant also contends that the trial court erred in making a present disposition of the community property; that the evidence is insufficient to support the findings; that in case of reversal appellant should be granted costs; and that a failure to find the total value of the community property was error.

## I

■ Appellant alleges that the evidence is insufficient to support the decree of divorce. The rule is that where there is a conflict in the evidence, the appellate court will not disturb the findings and the appellate court will consider the evidence in the light most favorable to the prevailing party. (*Crawford v. Southern Pac. Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].) Applying the above rule to the facts of this case, we hold that the evidence is sufficient to support the decree of divorce. We shall not unduly lengthen this opinion by repeating the numerous acts of cruelty committed by appellant.

## II

■ Appellant alleges that it was error to fail to make findings as to the value of the community property if the court treated the community property as alimony or in lieu of alimony. Appellant cites *Bailey* v. *Bailey* (1943) 60 Cal.App. 2d 291 [140 P.2d 693], which held that the trial court is guilty of an abuse of discretion if it makes an award of money in lieu of a division of property in kind without first finding the value of the community property interest. However, in this case there is no award of money in lieu of division of property in kind, and *Bailey* v. *Bailey, supra,* is not in point.

## III

Appellant asks this court to invoke its power under section 148 of the Civil Code to change the trial court's disposition of the community property, on the ground that such disposition was unjust. Section 148 of the Civil Code reads: "The disposition of the community property, . . . and of the homestead, as

above provided, is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the Court.''

■ ■   Where a divorce is granted on the grounds of extreme cruelty, the trial court is under an obligation to award more than half the community property to the innocent party (*Harding* v. *Harding* (1963) 223 Cal.App.2d 709, 714 [36 Cal.Rptr. 184]) ; and it is within the trial court's discretion to award all the community property to the innocent spouse (*Mackie* v. *Mackie* (1960) 186 Cal.App.2d 825, 831 [9 Cal.Rptr. 173] ; see *Dowd* v. *Dowd* (1952) 111 Cal.App.2d 760, 764 [245 P.2d 339].)   ■   While it is true that Civil Code section 148 subjects the trial court's discretion in the disposition of the community property to revision on appeal, even where the action of the trial court does not amount to an abuse of discretion (*Ballas* v. *Ballas* (1960) 178 Cal.App.2d 570 [3 Cal.Rptr. 11] ; *Nelson* v. *Nelson* (1950) 100 Cal.App.2d 348, 351 [223 P.2d 636]), the reviewing court will be slow to interfere (*Dowd* v. *Dowd, supra*), and will do so only where there is manifest unfairness. (*Harding* v. *Harding, supra.*)

Appellant cites the case of *Hill* v. *Hill* (1957) 150 Cal.App. 2d 34 [309 P.2d 34], in which the appellate court modified the distribution of the community property by increasing the amount awarded to appellant husband, even though the husband was guilty of numerous acts of cruelty. The court did so because the husband was in poor health and was compelled to curtail his medical practice. That court said (pp. 37-38) : ''Apparently the decisions have embraced the concept that it is proper in such cases to visit punishment upon the erring spouse in the apportionment of community property. Nevertheless, divorce having been granted and the time having arrived for apportioning the community property, the amount thereof, the age of the parties, their physical and mental condition, their ability to support themselves, and the needs of minors, if such there be, are all matters ranking higher in the scale of importance than the infliction of punishment for wrongdoing.''

Each case must be decided on its own particular facts. In the *Hill* case the husband was in poor health, the trial court found that he had contributed materially to the acquisition of the community assets, and the wife was, and for many years had been gainfully employed with accrued pension rights. In *Finley* v. *Finley* (1958) 161 Cal.App.2d 390 [326 P.2d 867], where the wife was given the lion's share of the community,

the husband was a judge, with substantial retirement rights and the wife would be unlikely to be able to secure gainful employment by reason of age and other factors. In the case at bench, the finding of the trial court, amply supported in the record, was that the community acquisitions were due largely to the wife's efforts, with but little contribution from the husband. Although, in view of the evidence as to the husband's health, the court might well have been more generous, we see no reason to upset a decision, made by a judge who had the opportunity to see and evaluate the parties and to determine how far the wife should be required to support a cruel and lazy husband out of what in fact, if not in law, is her property.

## IV

It is true that cases have held that an interlocutory decree purporting to effect a present transfer of the community property is erroneous. (*Gudelj* v. *Gudelj* (1953) 41 Cal.2d 202, 214 [259 P.2d 656]; *Visini* v. *Visini* (1963) 212 Cal.App.2d 183 [27 Cal.Rptr. 782].) Other cases have language disapproving such a view. See *Fritschi* v. *Teed* (1963) 213 Cal.App.2d 718 [29 Cal.Rptr. 114].) In the case at bar, the interlocutory judgment did use certain words tending to indicate an immediate disposition of property.[2] We need not resolve the conflicting views. ■ It has been held that an interlocutory decree is not prejudicially erroneous in attempting to make an immediate division of the community property, where it includes a provision for the granting of further relief at the time of entry of the final divorce decree; in such a case, the language purporting to make a present final disposition will be disregarded as surplus and will only be considered in conjunction with the remainder of the case. (*Johnston* v. *Johnston* (1951) 106 Cal.App.2d 775, 780-782 [236 P.2d 212].) While this court could modify the decree and affirm it as modified, it is not necessary to take this action (*Lo Vasco* v. *Lo Vasco* (1941) 46 Cal.App.2d 242 [115 P.2d 562]), because in the case at bench we find such a provision[3] for granting further relief at the time of entry of final decree.

■ Appellant argues correctly that the rule of the *Johnston* case (which was also stated in *Webster* v. *Webster* (1932) 216 Cal. 485, 498 [14 P.2d 522]), does not pronounce an inflex-

---

[2]The dispositive clauses use the phrase ''It is hereby awarded . . .''

[3]The decree reads that after one year the court may enter final judgment ''. . . and granting such other relief as may be necessary to complete disposition of this action.''

ible canon of construction, and whether or not a decree will be construed as a final or present disposition will depend on the intent of the parties (*Fritschi* v. *Teed, supra* (1963) 213 Cal.App.2d 718, 723.) In the *Fritschi* case both parties accepted and acted upon the assumption that the interlocutory decree fully and finally distributed all the property, and there was no appeal from the interlocutory decree. In the case at bench we have no equivalent evidence that the true intent of the parties was to make an immediate disposition of the community property. Therefore, we hold that there was no immediate transfer of the community property.

In any event, the appropriate remedy for an erroneous attempt to make present disposition of community property in the interlocutory decree is not to reverse the judgment, but to modify the judgment on appeal by deleting the words of present tense and substituting the proper phraseology. (*Dowd* v. *Dowd, supra,* (1952) 111 Cal.App.2d 760, 765.) Since, for reasons discussed above, we affirm the disposition made by the trial court, and since, when our remittitur has issued, the time for entry of a final decree will long since have arrived (Civ. Code, § 132), it would be a useless act for us to modify the interlocutory decree only to have the disposition of the property made anew, on the same date, by the entry of a final decree.

## V

Since we do not reverse or modify on appeal, appellant is not the prevailing party and is not entitled to costs. (See *Visini* v. *Visini, supra* (1963) 212 Cal.App.2d 183, 190.)

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.