[Civ. No. 32763.   Second Dist., Div. Two.   Mar. 19, 1969.]

MANUEL PERRY, Plaintiff and Appellant, v. HELENE PERRY, Defendant and Respondent.

Dennis Fredrickson and Ervin M. Roeder for Plaintiff and Appellant.

Benjamin D. Brown for Defendant and Respondent.

ROTH, P. J.—Respondent wife, in a divorce action, initiated by appellant husband after a 20-year marriage, obtained a decree on grounds of extreme cruelty and pursuant to an "equitable division" of community property itemized in the findings and in the interlocutory decree, was, according to appellant's assertion, improperly awarded $115 per week alimony and assets in an amount, which equal more than one half of the community property.

Custody of the minor daughter, pursuant to her expressed nomination. was awarded to appellant.

Appellant asserts the division of the community property to be error because of the above improper awards and asserted omission in the findings relative thereto and complains also that the minute order made by the court at the conclusion of the trial was changed.

The original minute order, among other things, provided for the sale of the marital residence within a nine-month period, and an equal division of the sum realized from the community equity therein; an equal division of the proceeds of a certain promissory note and $50 per week alimony and maintenance costs of the residence during the nine-month period. By amendment on the following day it was changed and supplemented to award the proceeds of the promissory

note mentioned and of the residence equity, in their entirety to the respondent wife, and to provide that, when the residence was sold, appellant pay wife $115 per week alimony until the further order of the court.

Findings were ordered. They were prepared by respondent, served and filed as required by law and albeit general in their terms, set up with particularity, all of the provisions of the original and amended minute order. No objection was made thereto by appellant, nor were any other proposed findings filed. The signed findings followed the minute order as originally made and amended.

This appeal is from the judgment and the order denying motion for new trial.[1]

A minute order is not the decision of the court when findings are required. The written findings and conclusions constitute ''the decision which is the final, deliberate expression of the court.'' (*Breedlove* v. *Breedlove,* 161 Cal.App.2d 712, 716 [327 P.2d 170]; *Colver* v. *Scarborough Co.,* 73 Cal.App. 441, 454 [238 P. 1104]; 28 Cal.Jur.2d, 683.)

Findings of the trial court will not be disturbed on appeal unless there is no substantial evidence to sustain them or there is a clear abuse of discretion. (*Irish* v. *Irish,* 246 Cal.App.2d 705, 708 [55 Cal.Rptr. 55].) There is ample evidence in the record to sustain all of the findings made and we find no abuse of discretion.

The assets disposed of comprised a number of items in addition to those already mentioned, one being appellant's business which, with other assets, was awarded to him. Unless this court analyzed all the testimony and made its own sophisticated analysis from the record and followed it with an appraisal and a mathematical computation, it has no way of knowing whether there was an unequal division. The community assets at bench are in some instances intangible in nature, and it is extremely doubtful whether it can be ascertained from the record before us that respondent was in fact awarded more than one half of the community assets. Thus evidence showed that the husband's written declaration of the value of the business awarded to him was double the valuation placed on that business by his accountant.

In any event, counsel in their briefs do not prove an unequal division and it would make no difference if they did.

[1]Appellant's purported appeal from the order denying motion for new trial must be dismissed. (§ 963, Code Civ. Proc.; 3 Witkin, Cal. Procedure (1954), p. 2169.)

Assuming failure of the court to make a finding as to the exact amount of the community division, failure to find upon an issue is not ground for reversal where, as here, no substantial right of the appellant has been prejudiced. (*Eastman* v. *Piper,* 68 Cal.App. 554, 569 [229 P. 1002]; *Bailey* v. *Leeper,* 142 Cal.App.2d 460, 465 [298 P.2d 684].)

It is settled that when a decree is granted on grounds of extreme cruelty, the trial judge has the discretion, under section 146 of the Civil Code, to award more than one half of the community assets to the nonoffending spouse. (*Le Fiell* v. *LeFiell,* 108 Cal.App.2d 321, 324 [239 P.2d 61]; *Gonsalves* v. *Gonsalves,* 92 Cal.App.2d 334, 342 [206 P.2d 1127]; *Irish* v. *Irish, supra,* 246 Cal.App.2d 705, 708.) Section 146 provides in pertinent part: "In case of the dissolution of the marriage . . . the court shall make an order for disposition of the community property. . . :

(a) . . . If the decree is rendered on the ground of . . . extreme cruelty, the community property shall be assigned to the respective parties in such proportions as the court, from all the facts of the case, and the condition of the parties may deem just."

In *LeFeill, supra,* 108 Cal.App.2d 321, the court says at page 324: " 'The inference derived from this code section is that the nonoffending party is entitled to more than one half of the community property where the divorce is granted on the ground of extreme cruelty.'

"The question of the amount of the award in excess of 50 percent is a matter resting largely in the discretion of the trial court. Although section 148 of the Civil Code empowers an appellate court to revise the award made by the trial court, as stated in *Gonsalves* v. *Gonsalves,* 92 Cal.App.2d 334, 341 [206 P.2d 1127], the reviewing court 'will be slow to interfere with that discretion.' "

At bench, as in *LeFiell,* "the record affords no ground for belief that the trial judge was guilty of any abuse of discretion or that the division made depended upon 'a mere whimsey' of the judge. . . ." (At page 324.)

It is clear, too, from a reading of the original and amended minute order that in the original minute order the court provided $50 per week for a nine-month period because respondent was occupying the house for that period during which appellant was required to pay certain fixed costs of maintenance, in addition. The trial court in the first minute order omitted to make alimony provisions for the

wife after the sale of the residence. The omission was corrected by the amendment and properly embodied in the findings signed by the court.

There is no showing that the amount allowed was in any respect an abuse of discretion.

The judgment is affirmed. The purported appeal from the order denying motion for new trial is dismissed.

Herndon, J., and Wright, J., concurred.